704 So.2d 1276 (1997)
Carol S. Cox FRAIN
v.
CITY OF BATON ROUGE-Parish of East Baton Rouge and The State of Louisiana Through the Department of Transportation and Development.
No. 97 CW 0868.
Court of Appeal of Louisiana, First Circuit.
December 29, 1997.
Amy E. Counce, Baton Rouge, for Carol S. Cox Frain.
Frank J. Gremillion, Baton Rouge, for City of Baton RougeParish of East Baton Rouge.
Dorothy E. Jackson, Baton Rouge, for State of Louisiana Through the Department of Transportation and Development.
*1277 Before LeBLANC and FITZSIMMONS,, JJ., and CHIASSON[1], J. Pro Tem.
LeBLANC, Judge.
This is an appeal by the defendants, the City of Baton Rouge and East Baton Rouge Parish, of the trial court's refusal to dismiss the plaintiff's action despite that plaintiff had failed to request service on the defendants within the time allowable by law. At issue is the applicability of La. R.S. 13:5107(D), added by amendment by Acts 1996, 1st Ex.Sess., No. 63, § 1, effective 5/9/96, which requires a plaintiff to take action toward service of the petition within 90 days of filing when the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party.
The plaintiff, Carol Cox Frain, filed a wrongful death action against, among others, the City of Baton Rouge and East Baton Rouge Parish on June 2, 1994, one year from the date of an accident which caused the death of her son. At the end of the petition is the notation: PLEASE HOLD SERVICE. (At that time, there was no statutory provision relating specifically to service of citation on governmental defendants.) On May 9, 1996, La. R.S. 13:5107(D) became effective. Thereafter, on October 22, 1996, two years and four months after the filing of the petition, and approximately five months following the enactment of the statute, plaintiff requested service of citation, which was perfected on the defendants on October 30, 1996. Pursuant to R.S. 13:5107, defendants filed a motion to dismiss on the basis that service had not been made within ninety days of the filing of the petition, nor had it been made within ninety days of the effective date of the statute. Without reasons, the trial court denied the motion to dismiss; this appeal followed.
There is no dispute that the defendants herein are in the class of governmental defendants entitled to service within ninety days of filing pursuant to La. R.S. 13:5107(D). The statute is mandatory; thus, implicit in the trial court's judgment is a preliminary conclusion that the amendment to R.S. 13:5107 is inapplicable to Mrs. Frain's action. The underlying basis for that conclusion, also implicit in the judgment, is that the statute is not to be applied retroactively to actions filed prior to its effective date, May 9, 1996.
Defendants do not argue that the statute should be given a retroactive application, rather that it be applied "prospectively" to actions filed prior to, and still pending on the effective date of the statute, to the effect that in those actions, the plaintiffs would be given ninety days from the effective date of the amendment to perfect service. Defendants maintain that the trial court erred in refusing to grant the motion to dismiss in light of plaintiff's failure to show any legitimate reason for not requesting service prior to October 22, 1996.
Plaintiff, on the other hand, argues the statute is inapplicable to her action for several reasons. First, plaintiff asserts that the amendment, by requiring a party to do something it was not required to do before, i.e., perfect service within a specified period of time, is substantive in nature and subject to prospective application only. Therefore, it would be inapplicable to all actions filed before the effective date of the amendment, May 9, 1996. Further, plaintiff asserts that the portion of the amended statute which grants a governmental defendant the right to a dismissal of an action when service has not been perfected timely is inapplicable to the defendants herein. According to plaintiff's interpretation, the statute grants a right of dismissal only after a contradictory hearing and only to a defendant "who has not been served;" thus, since the defendants herein were served prior to the motion to dismiss and contradictory hearing, albeit admittedly not within the ninety-day period, they are not within the intended scope of the statute. We disagree on all counts.
In determining whether a legislative enactment is to be applied retroactively or prospectively, we must ascertain whether the *1278 legislature expressed its intent regarding retrospective or prospective application. If the legislature did not express an intention, we must classify the enactment as substantive, procedural or interpretive. Cole v. Celotex Corporation, 599 So.2d 1058, 1063 (La. 1992); Adams v. City of Baton Rouge, 95-2515 p. 12-13 (La.App. 1st Cir. 4/30/96), 673 So.2d 624; writs denied, 96-1491, 96-1492 (La.9/20/96), 679 So.2d 439.
The pertinent amendment to La. R.S. 13:5107, which added subsection (D), expressly states that it is to be effective May 9, 1996, but is silent regarding the type of application intended. Thus, it is imperative to determine the nature of the amendment as being either substantive, procedural or interpretive. A substantive law has been defined as that which creates, confers, defines, destroys, or otherwise regulates rights, liabilities, causes of action, or legal duties. Procedural laws on the other hand, relate to the form of the proceeding or operation of laws. In other words, they describe methods for enforcing, administering or determining rights, liabilities, or status. Finally, interpretive laws merely establish the meaning the statute had from the time of its enactment; they do not change pre-existing law, but rather clarify it. Adams, 95-2515 at 15, 673 So.2d at 633.
Prior to the enactment of subsection (D) to R.S. 13:5107, there was no legal requirement governing citation of service on governmental defendants. Thus, clearly, the statute is not interpretive. Furthermore, the amendment does not operate to either vest or divest a party of a right; thus, it is not substantive. (Plaintiff contends that the statute operates, retroactively, to divest a party of a former right to sue a party and hold service indefinitely; however, plaintiff offers no support for the contention that this substantive right existed in the first place.) The statute merely defines and restricts the time period during which service of citation of a filed petition must be made on a named governmental defendant to a period of ninety days following the filing of said petition. Thus, the amendment proscribes the method and timeliness with which service must be perfected without affecting any substantive right of any party. Clearly, the statute is procedural in nature, and one which may be given retroactive application. However, to the extent that retroactive application would operate to dismiss an action in which the ninety days has lapsed prior to the effective date of the amendment, the statute affects substantive rights. Thus, as to those matters, the statute is applied to give those plaintiffs ninety days from the effective date of the statute in which to perfect service, even though ninety days has already lapsed from the filing of the petition.
In the instant case, ninety days had already lapsed after the filing of the petition during which service was neither made or requested. Therefore, given the correct retroactive application of La. R.S. 13:5107(D), plaintiff had an additional ninety days, commencing on May 9, 1996, in which to request service in compliance with the statute. Plaintiff failed to timely request service. Accordingly, defendants' motion to dismiss, filed in accordance with the statute, should have been granted.
Furthermore, we reject plaintiff's assertion that the statute applies only to governmental defendants who have never been served; thus, service made on the defendants herein on October 30, 1996, precluded application of the statute. Plaintiff's argument posits an absurd interpretation of the statute; the statute clearly grants the right to a dismissal to any defendant who has not been served within the confines of the statute, i.e., within ninety days. To interpret the statute as having limited application to defendants who have never been served would render it virtually meaningless, as those defendants who have never been served most likely would be unaware of the pending action, must less of its right to a dismissal.
For the foregoing reasons, we reverse the judgment of the trial court and hereby grant defendants' motion to dismiss. Costs of this appeal are assessed to plaintiff.
REVERSED AND RENDERED.
FITZSIMMONS, J., concurs and assigns reasons.
*1279 FITZSIMMONS, Judge, concurring with reasons.
Ms. Frain does not claim that she had good cause for not requesting service within the required time. Thus, I respectfully concur.
NOTES
[1] Judge Remy Chiasson, retired, serving by special appointment of the Louisiana Supreme Court.