721 So.2d 494 (1998)
Earl B. JAMISON, Plaintiff-Appellant,
v.
William Earl HILTON, etc., Defendants-Appellees.
No. 98-447.
Court of Appeal of Louisiana, Third Circuit.
October 21, 1998.
*495 Richard Eric Starling, Jr., Pineville, for Earl B. Jamison.
H. Bradford Calvit, Alexandria, for William Earl Hilton, etc.
Before THIBODEAUX, COOKS and WOODARD, JJ.
COOKS, Judge.
Plaintiff filed suit against William Earl Hilton in his official capacity as Sheriff of Rapides Parish on June 4, 1993. However, plaintiff did not request service of the suit until May 8, 1997. Defendant was served with a copy of the suit on May 12, 1997. Responding to the suit, defendant filed a "Motion to Dismiss," citing the amendment to La.R.S 13:5107 which added subsection (D), effective May 9, 1996. This subsection now requires a plaintiff to request service of a petition within ninety days from initial filing when the state, a state agency, or political subdivision, and any officer or employee thereof is named as a party.
It is undisputed that Sheriff Hilton is a governmental defendant, who if sued subsequent to the amendment's effective date, would be entitled to seek dismissal of plaintiff's suit. But the present suit was filed by plaintiff several years prior to the amendments effective date. Nonetheless, defendant argued below that the date plaintiff filed suit matters not; all that matters here is the amendment's effective date. Because plaintiff failed to request service within ninety days after May 9, 1996, defendant insist he is forever barred from pursuing his action against Sheriff Hilton.
The trial judge found defendant's argument persuasive and held the amendment applies retroactively; thus, it prevents plaintiff from proceeding against the sheriff. For the foregoing reasons, we respectfully disagree with this holding.

ANALYSIS
In Cole v. Celotex Corporation, 599 So.2d 1058, 1063 (La.1992), the Louisiana Supreme Court instructed:
"Prospective operation of statutes is a general rule and, as a general rule, it is respected by the courts. Planiol aptly articulates the rational behind this general rule: "a fact and an act are governed by the law under whose aegis they took place... [T]he solution cannot change on account of the circumstance that when the court rules, the law governing such a fact or such an act is no longer the same.
This general rule against retroactive application of legislative enactments, and the exceptions whereto, is codified in LSA-C.C. Art. 6, which is the governing rule of statutory construction applicable in this case.
In the absence of contrary legislative expression, substantive laws apply prospectively *496 only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
LSA-C.C. Art. 6 requires that we engage in a two-fold inquiry. First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural or interpretive.
Generally, the determinative point in time separating prospective from retroactive application of an enactment is the date of the case of action accrues. Once a party's cause of action accrues, it becomes a vested property right that may not constitutionally be divested. Stated differently, "statutes enacted after the acquisition of such a vested property right ... cannot be retroactively applied so as to divest the plaintiff of his vested right in his cause of action because such a retroactive application would contravene the due process guaranties." (citations omitted).
Plaintiff maintains that La.R.S. 13:5107(D) is inapplicable in this instance. Though he first contends the amendment is a substantive one and, in accord with well recognized principles of statutory and constitutional law, must be applied prospectively only; he alternatively asserts, even if we deem it procedural, the amendment cannot operate to divest him of a vested right which arose on June 11, 1992, the date of the accident which forms the basis of his action.
Defendant, on the other hand, directs our attention to Frain v. City of Baton Rouge, 97-0868 (La.App. 1 Cir. 12/29/97); 704 So.2d 1276 and specifically references the following passage from that case:
Prior to the enactment of subsection (D) to R.S. 13:5107, there was no legal requirement governing citation of service on governmental defendants. Thus, clearly, the statute is not interpretive. Furthermore, the amendment does not operate to either vest or divest a party of a right; thus, it is not substantive. The statute merely defines and restricts the time period during which service of citation of a filed petition must be made on a named governmental defendant to a period of ninety days following the filing of said petition. Thus, the amendment proscribes the method and timeliness with which service must be perfected without affecting any substantive right of any party. Clearly, the statute is procedural in nature, and one which may be given retroactive application. However, to the extent that retroactive application would operate to dismiss an action in which the ninety days has lapsed prior to the effective date of the amendment, the statute affects substantive rights. Thus, as to those matters, the statute is applied to give those plaintiffs ninety days from the effective date of the statute in which to perfect service, even though ninety days has already lapsed from the filing of the petition.
Id. at 1279. Confidently, defendant argue this case is "dispositive" of the issue before us and, at least by implication, suggest we should not ponder further. Interestingly, not once did defendant cite the Louisiana Supreme Court's holding in Cole nor this Court's published opinion in Marsh Eng'g, Inc., v. Parker, 94-1129 (La.App. 3 Cir. 5/8/96); 688 So.2d 1042. Instead, defendant's table of authorities list four additional cases as support for his position: Adams v. City of Baton Rouge, 95-2515 (La.App. 1 Cir. 4/30/96); 673 So.2d 624, writ denied, 96-1491 (La.9/20/96); 679 So.2d 439; Blanchard v. City Parish of East Baton Rouge, 95-2011 (La.App. 1 Cir. 4/30/96); 674 So.2d 317, writ denied, 96-1511 (La.9/20/96); 679 So.2d 443; Cambridge Corner Corp. v. Menard, 525 So.2d 527 (La.1988); Sperandeo v. Denny's Inc., 96-328 (La.App. 5 Cir. 10/1/96); 683 So.2d 743, writ denied, 96-2634 (La.12/13/96); 692 So.2d 1068. We have read them all. In Adams and Blanchard the first circuit found plaintiff did not possess a vested right not to have a jury trial in a civil case; since, the right plaintiff claimed was not so vested and the statute affecting it was procedural, it could be applied retroactively. But, the same court in Blanchard found the contrary when considering the effect on pending actions of La.Code Civ.P art. 1732(1) which *497 increased the amount in controversy requirement for a jury trial from $20,000 to $50,000. In the latter instance, the court reasoned that the amendment was substantive and could not be applied retroactively. This holding was consistent with the Louisiana Supreme Court's refusal some years before in Cambridge to retroactively apply a prior amendment to the same provision which increased the amount in controversy requirement from $10,000 to $20,000. We find no support for defendant's position on review of these cases. Adams and Blanchard are plainly distinguishable from the present case. Neither case involved the complete divestiture of a party's right of action before a court of law as will occur here if we adopt defendant's argument. Only the method of enforcing that right i.e., trial by judge or jury, was affected. The court in Adams and Blanchard cautiously noted even if the legislation affects only the method of enforcing a right, "state law [cannot] confers that right on one of its citizens, [and then] ... revoke that right and affect pending matters. In such instances, the procedural law has substantive effect with constitutional implications." Adams, 673 So.2d at 634. See also Blanchard, 674 So.2d at 324. Finally, in Sperandeo, the fifth circuit addressing whether imposition of the new time limit for paying the costs of a jury deprived the parties of a substantive right, declared it did not. The court specifically noted "[u]nder the prior law, failure to timely pay the jury costs operated as a waiver of that right, and under the new law the result is the same." Sperandeo, 683 So.2d at 746. Here, there was no legal requirement governing citation and service on governmental defendants. All a plaintiff was required to do by prior legislation was to "take some affirmative step" toward the prosecution of the underlying action against any defendant within five years absent which the case would be deemed abandoned.
As the Supreme Court instructed in Cole when the legislature has not expressed its intent regarding the retrospective or prospective application of a particular provision, we must classify the enactment as substantive, procedural, or interpretative. Cole, 599 So.2d at 1063. We do not disagree with the findings of our brethren on the first circuit that "La.R.S. 13:5107.... is silent regarding the type of application [the legislature] intended;" nor do we quibble with the court's definitions of substantive, procedural, and interpretative laws. And, we join the court in noting the provision is not interpretative because no such requirement predated its enactment; but, we respectfully disagree with its holding that "the amendment does not operate to ... divest a party of a right" because it is procedural in nature. Mistakenly, in our view, the court concludes "the amendment proscribes the method and timeliness with which service must be perfected without affecting any substantive right of any party." Though the amendment may related to the method, means, or mode of proceeding by which plaintiff's legal right is enforce and, thus, may be entirely procedural; its retroactive application in this instance will bar plaintiff from pursuing a right which vested on the date of the accident, long before the amendment became effective. See Trahan v. Liberty Mut. Ins. Co., 314 So.2d 350 (La.1975); Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381 (La.1978). Plaintiff had a legal right enforceable before a court of law on the mere filing of a petition sufficiently setting forth his claim(s). Only his failure to take any step to pursue the action against any of the name defendant for a period of five years would have caused abatement of his action prior to the amendment's effective date. See La.Code Civ. P art. 561. Whether La.R.S. 13:5107 is classified as substantive or procedural, it nonetheless in operation will divest plaintiff of a legal right; thus, it has substantive effects with constitutional implications. Divestitures of such acquired rights offend "due process" guaranteed by the State and United States Constitutions. Lott v. Haley, 370 So.2d 521 (La.1979); Faucheaux v. Alton Ochsner Med. Found. Hosp. & Clinic., 470 So.2d 878 (La. 1985); Marsh Eng'g, 688 So.2d 1042.
But the Louisiana Supreme Court has said such enactments, albeit they may have substantive effect, "nonetheless ... will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights." 370 So.2d *498 at 524. The statute in this instance shortened the period plaintiff had to serve his suit on the sheriff; and, it did not grant him a "grace period" from the date of its enactment in which to do so. Despite the legislature's silence in this regard, the trial judge held plaintiff had ninety days from the statute's enactment to serve the sheriff. As we found in Marsh Eng'g, this holding we think "does violence to fundamental `due process' principles." Marsh Eng'g 688 So.2d at 1046. To meet constitutional muster the new statute also must adequately apprise litigants of the Legislature's intent to apply the period, though reasonable in duration, retroactively to all claims whether arising before or after the enactment. Unlike the trial judge in this case and the first circuit in Frain, we decline to "read-in" or find by implication that the Legislature intended to grant such plaintiffs a ninety-day grace period for serving their suits involving pre-existing claims against governmental defendants.
As the Supreme Court further noted in Maltby v. Gauthier, 506 So.2d 1190, 1193 (La.1987) "[w]hen the Legislature, in enacting prescriptive statutes potentially affecting existing causes of action, fails to require parties to exercise vested rights within a reasonable time, the courts should refrain from supplying this legislative lapse." We find it more prudent to exercise the same restraint in this case. Our decision, today, strikes accord with a line of cases rendered by the state's supreme court. The "due process" principles recognized in those cases are equally applicable in the present.

DECREE
For the above stated reasons, we reverse the judgment of the trial court and remand the case for trial. Cost of this appeal are assigned to the defendant.
REVERSED AND REMANDED.
WOODARD, J., concurs in result.