731 So.2d 426 (1999)
Mary P., Louis W. HOYT and Louie, Amy and Brian Hoyt
v.
Juanita P. ROBINSON, et al.
No. 98-CA-1224.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
John O. Charrier, Jr., Baton Rouge, LA, for Plaintiffs-Appellants.
Tiffany T. Scott, Matairie, LA, for Defendant-Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and SUSAN M. CHEHARDY.
*427 DUFRESNE, Judge.
This is an appeal from a judgment dismissing without prejudice plaintiffs' action against the Parish of Jefferson on grounds that service of their suit was not requested within 90 days of the effective date of legislation so mandating. For the following reasons, we set aside that judgment and remand the matter for further proceedings.
The underlying facts of the case are these. Mary Hoyt was struck and severely injured by a passing automobile as she was crossing a street at a controlled intersection. She, her husband, and their children sued the driver for negligence, alleging that the green light was in Mary's favor. They also sued Jefferson Parish and the Louisiana DOTD for allegedly allowing bushes to obstruct the traffic light and for improperly designing the intersection.
The accident was on March 7, 1994. Suit was filed on March 3, 1995, with a notation to withhold service. Service on the Parish was eventually requested on June 24, 1998, and was made the following day. The Parish thereupon filed the declinatory exception of insufficiency of citation and service of process, asserting that failure of plaintiffs to request service within 90 days of filing suit, as required by La. R.S. 13:5107(D), entitled it to have the matter dismissed without prejudice. After a hearing of August 4, 1998, the trial judge sustained the exception. Plaintiffs now appeal.
The issues here involve the legislative history of the above statute. When plaintiffs' suit was filed in 1995, there was no limiting time period within which service on the defendant had to be requested. In 1996, the Legislature enacted La. R.S. 13:5107(D) (Acts 1996, No 63) to provide such a limitation, at least as to public bodies, as follows:
In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names the state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, that action shall be dismissed without prejudice, after a contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, or political subdivision, or officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof. The effect of interruption of prescription as to any other person shall not be affected there-by.
This Act shall become effective upon signature by the governor [which occurred on May 9, 1996].
The act did not further state whether it was to be retroactive as well as prospective, or prospective only.
The following year the statute was amended and re-enacted (Acts 1997, No. 518) as follows:
Section 1. R.S. 13:5107(D) is hereby amended and reenacted to read as follows:
D. In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If service is not requested by the party filing the action *428 within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue. Section 5. The provisions of this Act shall be applicable only to suits filed on and after its effective date [of January 1, 1998].
Thus, when the present suit was filed neither version of the statute had yet been enacted and there was no time limitation within which to request service. During the period when the first version of La. R.S. 13:5107(D) (Acts 1996, No. 63) was in effect, i.e. May 9, 1996 to December 31, 1997, plaintiff did not request service, and the Parish, presumably unaware of the pending suit, likewise did nothing. Had service been requested more than ninety days after the effective date of Act 63, there is conflicting case law as to whether that statute could constitutionally have been applied retroactively, Frain v. City of Baton Rouge, 97-868 (La.App. 1st Cir. 12/29/97), 704 So.2d 1276 (retroactive effect proper); Jamison v. Hilton, 98-447 (La. App. 3rd Cir. 10/21/98), 721 So.2d 494 (retroactive effect improper).
However, in the present case, when service was finally requested and made in June of 1998, Act 63, had been amended and re-enacted by Acts 1997, No. 518. Under the specific wording of this latter act, all of its provisions, including the ninety day period to request service as per La. R.S. 5107(D), were not to be applied to suits filed prior to January 1, 1998. The issue here is thus which, if either, version of La. R.S. 13:5107(D), applies to this case.
Plaintiffs rely on La. Civ.Code, Art. 6, which states:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
They argue that Act 518, which was in effect at the time service was requested and made, as well as when the Parish filed its exception, should control here. Because that statute expresses the legislative intent that it have prospective application only, they argue that the issue of the timeliness of their request for service must be resolved based on the law in effect when their suit was filed in 1995. We agree. Because Act 518, by its own terms is not to apply to suits filed before its effective date, and because in 1995, there was no time limitation within which to request service, we rule that plaintiffs' suit was improperly dismissed.
The Parish argues, to the contrary, that the intervening Act 63, should apply. It reasons that because that act is silent as to prospective or retroactive application, the threshold inquiry should be whether it was merely procedural, in which case it should be applied both prospectively and retroactively, or whether it was instead substantive, in which case it could only apply prospectively, citing Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). It contends that the act is clearly procedural, as held in Frain v. City of Baton Rouge, supra, and therefore that Article 6, mandates that it be given retroactive application.
Although we agree that at least that portion of the act dealing with the ninety day request for service rule is procedural, we disagree that Act 63, should apply in this case. The Parish bases its argument on the proposition that the ninety day rule *429 of Act 63, continued in effect regardless of the enactment of Act 518, and that the "prospective application only" clause of that latter act applies only to the amendments to Act 63. While this argument is facially reasonable, it ignores Section 1, of Act 518, which states that "R.S. 13:5107(D) is hereby amended and reenacted to read as follows...." It is to this reenacted statute that the legislature added the prospective application only clause. In effect, Act 63, no longer exists, and the only remaining viable statute is Act 518. Thus, it is Act 518, which must be given force, and pursuant to that act the ninety day rule does not apply to this suit.
We also point out that it is precisely because the ninety day rule is procedural that the Parish cannot invoke the provisions of Act 63. In Frain, supra, the court repeated the established rule that substantive laws create, confer, define, destroy, or otherwise regulate rights, liabilities, or status. Procedural laws, on the other hand, relate to the form of the proceeding and its conduct. Act 63, was ruled procedural in Frain, supra, precisely because it did not create, destroy or otherwise deal with rights or liabilities between the plaintiff and the political subdivision. But while the plaintiff lost no substantive rights under Act 63, neither did the public body acquire any such rights.
In the present case, when Act 63, was amended and reenacted to provide for prospective application only, the Parish likewise lost no substantive rights. Indeed, the effect of Act 518, was to place the present parties in exactly the same legal position in regard to the time for requesting service as they found themselves in when the accident at issue occurred and the suit was filed.
We finally note that in Frain, supra, the court reasoned that Act 63, although deemed procedural, could not have been applied immediately upon its passage to defeat a pending suit without implicating substantive rights. However, it ruled that the statute could be applied beginning ninety days after its effective date because such application would give litigants this grace period within which to request service. In Jamison, supra, the court declined to read into the law such a grace period, and ruled instead that the failure of the Legislature to provide such a period rendered the statute inapplicable retroactively to all suits filed before its effective date. It did not dispute the conclusion in Frain that the law was procedural, but nonetheless refused to give it retroactive application because to do so would, in that court's opinion, have divested plaintiff of a substantive right. Presumably, Act 518, has cured the defect found by the Jamison court by making clear that the ninety day rule for requesting service is, as we rule here, not applicable to suits pending prior to January 1, 1998.
For the foregoing reasons, we determine that plaintiffs' request for service on the Parish was timely, and set aside the judgment ruling otherwise. The case is hereby remanded to the district court for further proceedings consistent with this opinion.
JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.