I .EDWARDS, Judge.
Plaintiff/appellant Elaine Poole, individually and on behalf of her minor son David Poole Jr., appeal a judgment in favor of the defendant Jefferson Parish Recreation Department, dismissing the case. We amend and affirm.
Elaine Poole sued for damages on behalf of herself and David. The petition, filed on July 19, 1996, maintained that David was injured on November 25, 1995 while playing with a group of children at Avon-dale Playground. It was alleged that the playground facilities are operated by the *1166 Jefferson Parish Recreation Department, a division of the Jefferson Parish government. Service of process was not requested when the suit was filed. The attorney who filed the action was dismissed, and present counsel was retained. Service was requested on January 31, 1997. Jefferson Parish filed a motion for involuntary dismissal under La. R.S. 13:5107(D), averring that the suit should be dismissed for failure to request service within ninety days of the filing of the lawsuit. The matter was lasubmitted on memoranda, following which the trial court dismissed the claim. Plaintiff appeals.
At issue is the applicability of La. R.S. 13:5107; section (D) was added to that statute by the Legislature in Acts 1996, No.63 (effective May 9, 1996). That portion originally read as follows:
In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names the state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, that action shall be dismissed without prejudice, after a contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, or political subdivision, or officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof. The effect of interruption of prescription as to any other person shall not be affected thereby.
This Act shall become effective upon signature by the governor.
There was no expressed legislative intent relative to retroactive or prospective application.
On the following year the statute was amended by Acts 1997, No. 518, to read as follows:
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure ^Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
The provisions of this Act shall be applicable only to suits filed on and after its effective date [January 1,1998].
In its reasons for judgment, the trial court found that the statute “applies retroactively to an action where the incident occurred prior to the effective date of the [1996] amendment.” Citing Frain v. City of Baton Rouge, et al, 97-0868 (La.App. 1st Cir. 12/29/97), 704 So.2d 1276, the court stated that Poole had 90 days after the *1167 effective date of that amendment by which to take an action toward service. Because the suit was not filed until two months after the amendment became effective, and service was not requested until seven months later, the court granted defendant’s motion for voluntary dismissal.
R.S. 13:5107(D) as amended by Acts 1997,- No. 518 is clearly inapplicable. Since the accident here occurred before the original enactment of section (D), its retroactive application to the present case must be examined. Reichert v. State, Dept. of Transp. and Development, 96-1419, (La.5/20/97), 694 So.2d 193, 199.
It is well accepted that substantive laws either establish new rules, rights, and duties or change existing ones, Keith v. U.S. Fidelity & Guar. Co., 96-2075, (La.5/9/97) 694 So.2d 180, and are applied prospectively only. La.C.C. art. 6. Procedural laws address the methods for enforcing an existing right or relate to |Bhow a law operates. Segura v. Frank, 630 So.2d 714 (La.1994); Rousselle v. Plaquemines Parish School Bd., 633 So.2d 1235, (La.1994). Under La. C.C. art. 6, procedural laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. R.S.13:5101(D) prescribes a method of enforcing a substantive right and is therefore procedural. See Hoyt v. Robinson, 98-1224 (La.App. 5 th Cir. 3/30/99) 731 So.2d 426, writ denied 99-1225 (La.6/18/99), 745 So.2d 24; Frain v. City of Baton Rouge, 97-868 (La.App. 1st Cir. 12/29/97), 704 So.2d 1276.[1]
The Third Circuit addressed the issue before us in the recent case of Chinn v. Mitchell, 98-1060, (La.App. 1st Cir. 5/14/99), 734 So.2d 1263. There, plaintiffs accident occurred before the effective date of R.S. 13:5107(D). Suit was not filed until after the amendment took effect, and service was not requested for approximately another year, in September, 1997. The trial court dismissed the action without prejudice. The appellate court found that the statute is mandatory and that plaintiffs had 90 days within which to serve defendants. The district court was required by law to dismiss the action without prejudice. Appellants in Chinn argued that section 5107(D) could not operate to divest them of a vested right which arose on the date of the accident, prior to the effective date of the statute. The appellate court reasoned:
This court, in Frain v. City of Baton Rouge, 97-0868, p. 4 (La.App. 1st Cir. 12/29/97); 704 So.2d 1276, 1278, held subsection D of R.S. 13:5107, effective May 9, 1996, does not operate to either vest or divest a party of a right, but rather, “merely defines and restricts the time period during which service of citation of a filed petition must be made on a named governmental defendant.” |fiWe noted substantive rights were affected when the 90-day window for service lapsed prior to the effective date of section 5107 D. In those instances, we recognized an additional 90 days, commencing on May 9, 1996, as the time allowed for those plaintiffs to perfect service. Frain v. City of Baton Rouge, 97-0868 at 4-5; 704 So.2d at 1278....
We also note the recent case of Hoyt v. Robinson, 98-1224 (La.App. 5th Cir. 3/30/99); 731 So.2d 426. In Hoyt, the fifth circuit agreed with our holding in Frain which held the provisions of section 5107 D, effective at the time suit was filed in the instant matter, did not create or destroy rights or liabilities. Hoyt v. Robinson, - 98-1224 at 5; 731 So.2d at 429.
We are bound by and adhere to our prior holding in Frain. In the instant *1168 matter, plaintiffs’ collision occurred on September 29, 1995. The controlling version of La. R.S. 13:5107 became effective May 9, 1996. Plaintiffs did not file suit until September 26, 1996, more than 120 days after the effective date of 1996 La. Acts, 1st Ex.Sess., No. 63, which amended section 5107. At the time of the initial filing of suit by plaintiffs, service upon governmental defendants was required within 90 days of filing of the initial pleading. Therefore, as mandated by La. R.S. 13:5107 D, plaintiffs had 90 days from filing their suit to request service on the named governmental defendants. This requirement did not divest plaintiffs of a vested right.
Chinn, supra, at p. 1268.
We agree with this reasoning. As in Chinn, supra, the accident in the present case occurred prior to the effective date of the amendment and suit was filed after that date. The statute in question is a procedural law which neither creates nor destroys rights and liabilities. Prospective application is not appropriate under the facts before us. At the time of the initial filing of suit by plaintiffs, service upon governmental defendants was required within 90 days of filing of the initial pleading. We find that the trial court correctly applied R.S. 13:5107(D) and dismissed the case.
Poole relies on Hoyt, supra, and Jamison v. Hilton, 98-447, (La.App. 3rd Cir. 10/21/98), 721 So.2d 494. In those cases, suit was filed before the effective date of Act 63 enacting R.S. 13:5107(D) when there was no time limit. 17Service was not requested until after the effective date of Act 518 amending that section. In the present case, suit was filed after Act 63 became effective requiring service within 90 days. Hoyt and Jamison are therefore distinguishable on their facts and are consequently not controlling.
We note however, that the trial court failed to dismiss the action without prejudice as mandated by the statute, and therefore the judgment must be amended.
For the foregoing reasons, we amend the judgment on appeal to reflect that the dismissal of appellant’s suit is without prejudice. In all other respects the judgment is affirmed.
AMENDED AND AFFIRMED.

. See also Dempster v. Louisiana Health Services & Indem. Co., 98-1112, (La.App. 5 th Cir. 3/10/99), 730 So.2d 524, writ denied 99-1319 (La.7/2/99), 747 So.2d 20. There, a panel of this court found that a comparable statute, C.C.P. art. 561 which establishes the period in which an action is considered abandoned, prescribes a method of enforcing a substantive right and is a procedural statute.