767 So.2d 726 (2000)
Preston NAQUIN
v.
TITAN INDEMNITY COMPANY, Iberville Parish Sheriff's Department, and Neal Noel.
No. 99 CA 0400.
Court of Appeal of Louisiana, First Circuit.
May 12, 2000.
*727 Richard J. Fernandez, Metairie, Counsel for Plaintiff/Appellant, Preston Naquin.
Vincent P. Fornias, C. William Belsom, Jr., Baton Rouge, Counsel for Defendants/Appellees, Titan Indemnity Company, Iberville Parish Sheriffs Department, and Neal Noel.
Before: GONZALES, FITZSIMMONS, and WEIMER, JJ.
GONZALES, J.
This matter is before the court on plaintiff's appeal from a judgment of the trial court in favor of defendants, dismissing plaintiffs suit without prejudice.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Preston Naquin, filed suit on March 17, 1997, to recover damages allegedly sustained as a result of a motor vehicle accident which occurred on March 23, 1996. He named Neal Noel, the Iberville Parish Sheriff's Department (Sheriff's Department), and Titan Indemnity Company (Titan) as defendants. The petition alleged Mr. Naquin was a guest passenger in a vehicle which was struck in the rear by one vehicle which, in turn, was rear ended by a vehicle driven by Mr. Noel, an employee of the Sheriff's Department, who was in the course and scope of his employment. Although Mr. Naquin's counsel allegedly forwarded a courtesy copy of the suit to representatives of the Sheriff's Department and Titan, service of process on the defendants was withheld at the time suit was filed as settlement discussions were ongoing.
During March of 1998, Mr. Naquin requested the defendants be served with process. On April 23, 1998, defendants filed a motion for an extension of time within which to plead. Then, on July 21, 1998, the defendants filed a motion to dismiss pursuant to the provisions of La. R.S. 13:5107(D) for Mr. Naquin's failure to timely request service. The matter was scheduled for a contradictory hearing, after which the trial court dismissed Mr. Naquin's petition as to all defendants, including Titan, without prejudice at Mr. Naquin's costs.
Mr. Naquin appeals from this adverse judgment, asserting the following assignments of error:
1. The trial court erred in dismissing the Iberville Parish Sheriffs Department, Deputy Noel, and their insurer, *728 Titan Indemnity Company, because the version of La. R.S. 13:5107(D) in effect when defendants' motion to dismiss was urged specifically limited application of the 90-day rule for requesting service to suits filed after January 1, 1998.
2. The trial court erred in dismissing suit against Titan Indemnity Company because at the time suit was filed and when service was perfected on this insurer there was no 90-day rule applicable to private parties, and under the Louisiana Direct Action Statute, La. R.S. 22:655, plaintiff has the right to proceed directly against this insurer.
3. Defendants should be estopped from claiming benefit of the 90-day rule for requesting service both because they acknowledged receiving copies of the suit well within 90 days of its filing, and because they lulled plaintiff's counsel into the reasonable belief that they did not expect service of the suit while good faith negotiations were ongoing.

APPLICABILITY OF LA. R.S. 13:5107(D)
At issue on appeal is the applicability of La. R.S. 13:5107(D). When enacted by 1996 La. Acts, 1st Ex.Sess., No. 63, § 1 (Act 63), the pertinent part of the statute read as follows:
In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names a state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, or political subdivision or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof. The effect of interruption of prescription as to other persons shall not be affected thereby.
The Act further provided it became effective upon signature of the Governor. The legislation was approved on May 9, 1996, and therefore became effective that date.
By 1997 La. Acts No. 518, § 1 (Act 518), effective January 1, 1998, the legislature amended and reenacted La. R.S. 13:5107(D). The provision as amended and reenacted reads as follows:
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of *729 prescription as to other persons shall continue.
The Act further provided it would be applicable only to suits filed on and after its effective date, which was January 1, 1998. See Act 518, §§ 5-6.
The accident which forms the basis of this suit occurred on March 23, 1996. The effective date of La. R.S. 13:5107(D), as enacted by Act 63, was May 9, 1996. Suit was filed on March 17, 1997. The amendment and reeanactment of La. R.S. 13:5107(D), by Act 518, became effective January 1, 1998, but only as to suits filed on and after its effective date. Service of process was requested in March of 1998. Thereafter, on July 21, 1998, the defendants filed the motion to dismiss.
On the date suit was filed in this matter, La. R.S. 13:5107(D), as enacted by Act 63, had been in effect for over 10 months. Therefore, within 90 days of the filing of his petition, Mr. Naquin was required to request service of process. See Chinn v. Mitchell, 98-1060 (La.App. 1 Cir. 5/14/99), 734 So.2d 1263, writ not considered, 99-1772 (La.7/2/99), 747 So.2d 7. The subsequent amendment and reenactment of La. R.S. 13:5107(D) by Act 518 had no bearing on this suit because Act 518 only applies to cases filed on and after its effective date.[1] Therefore, the trial court properly granted the defendants' motion to dismiss plaintiff's petition against Mr. Noel and the Sheriff's Department. We next address whether Titan may claim the benefit of the 90-day service requirement of La. R.S. 13:5107(D).

APPLICABILITY OF LA. R.S. 13:5107(D) AS TO TITAN
In assignment of error number two, Mr. Naquin argues Titan was improperly dismissed because: (1) the 90-day service requirement contained in La. R.S. 13:5107(D) does not apply to private parties, and (2) under the Direct Action Statute, La. R.S. 22:655, Titan is amenable to direct suit against it.
The Louisiana Governmental Claims Act (LGCA), La. R.S. 13:5101-5112, was enacted to limit the liability of public entities. La. R.S. 13:5106(E). According to La. R.S. 13:5101(B), the LGCA "applies to any suit in contract or for injury to person or property against the state, a state agency, an officer or employee of the state or a state agency ..., or a political subdivision of the state, ... or against an officer or employee of a political subdivision ...." As part of the LGCA, La. R.S. 13:5107(D) addresses service and citation requirements in suits wherein the state, a state agency, political subdivision, or officers or employees thereof are named as parties. Neither La. R.S. 13:5101(B) nor La. R.S. 13:5107(B) lists the insurer of any of these entities or persons as also entitled to the benefit of the service and citation requirements set forth therein.[2]
For most purposes, a public liability insurer stands in the shoes of its insured. Noel v. State, 284 So.2d 587, 589 (La.1973). A reason for requiring a plaintiff *730 to request service of process within 90 days of filing suit is to put the public defendant on notice of its potential liability so that all necessary evidence related to the claim can be preserved to aid in defense of the claim. Because a public liability insurer had a duty to defend its insured, the insurer is equally concerned with the preservation of evidence regarding any claim it may ultimately be required to pay. Therefore, despite the lack of mention of insurers in La. R.S. 13:5107(D), and because there are no contrary service of process requirement contained in La. R.S. 22:655, we conclude the 90-day period within which to request service as to a public defendant also applies to requests for service as to that defendant's insurer. This court has similarly found that policy reasons dictate that the prohibition against jury trials in suits against public bodies (contained in La. R.S. 13:5105) also prohibit jury trials against their insurers. See Doe v. Board of Supervisors of Louisiana State University, 517 So.2d 488, 490-491 (La.App. 1 Cir.1987); Dean v. Terrebonne Parish Police Jury, 510 So.2d 82, 86 (La. App. 1 Cir.1987). This court has also held that the monetary limitation of liability in favor of political subdivisions contained in La. R.S. 13:5106 also benefits their insurers. See Brown v. Coregis Insurance Company, 99-0048 (La.App. 1 Cir. 2/18/00), 752 So.2d 347, 354-57.

ESTOPPEL
In assignment of error number three, Mr. Naquin contends the defendants should be estopped from claiming the benefit of the 90-day service rule in La. R.S. 13:5107(D), because they acknowledged receiving copies of the suit within 90 days of its filing, and because they lulled Mr. Naquin's counsel into a reasonable belief that service of process was not expected while good faith negotiations were ongoing.
Proper citation is the foundation of all actions, and actual knowledge of the existence of an action is no substitute for proper service of citation. Kimball v. Kimball, 93-1364 (La.App. 1 Cir. 5/20/94), 637 So.2d 779, 781; Scullin v. Prudential Insurance Co. of America, 421 So.2d 470, 472 (La.App. 4 Cir.1982). Even if the defendants acknowledged receipt of the petition within 90 days of its filing, Mr. Naquin was not relieved of his duty to request service of process as required by law. As stated, at the time suit was filed, La. R.S. 13:5107(D) required that service be requested within 90 days of the filing. Such was not done in this case, and Mr. Naquin cannot rely on estoppel to avoid the result of his own inaction.

DECREE
For the foregoing reasons, the trial court's judgment dismissing the plaintiff's action without prejudice is AFFIRMED. Costs of the appeal are assessed to the plaintiff.
WEIMER, J., dissents with reasons.
WEIMER, J., dissenting.
I respectfully dissent.
This suit was filed based on an accident which occurred on March 23, 1996. Suit was filed on March 17, 1997, after the effective date of 1996 La. Acts, 1st Ex. Sess., No. 63. Service on the state agency and its employee was requested in March 1998, after the provisions of LSA-R.S. 13:5107(D) had been amended and reenacted pursuant to 1997 La. Acts No. 518, and subsequent to the January 1, 1998 effective date of the statute. Thereafter, on July 21, 1998, the defendants filed the motion to dismiss.
In the case of Frain v. City of Baton Rouge, 97-0868 (La.App. 1 Cir. 12/29/97), 704 So.2d 1276, this court determined that the 1996 legislation was procedural in nature and, thus, applied retroactively to cases pending on its effective date. In Frain, suit was filed on June 2, 1994, and service was requested on October 22, 1996. Defendants filed a motion to dismiss, which the district court denied. Frain, 97-0868 at 2, 704 So.2d at 1277. Because *731 the statute was silent regarding a grace period, this court determined that the plaintiff had 90 days from the effective date of the statute to perfect service. Because the plaintiff had not done so, this court reversed the trial court judgment and granted defendant's motion to dismiss. Frain, 97-0868 at 5, 704 So.2d at 1278.
The third circuit had the opportunity to consider the same issue in Jamison v. Hilton, 98-447 (La.App. 3 Cir. 10/21/98), 721 So.2d 494, writ denied, 98-2916 (La.2/5/99), 730 So.2d 871. In Jamison, suit was filed on June 4, 1993, with service requested on May 8, 1997. Defendants filed a motion to dismiss which the trial court granted. Jamison, 98-447 at 2, 721 So.2d at 495. On appeal, the third circuit declined to follow the first circuit holding in Frain. Quoting the Louisiana Supreme Court in Maltby v. Gauthier, 506 So.2d 1190, 1193 (La.1987), the court said: "When the Legislature, in enacting prescriptive statutes potentially affecting existing causes of action, fails to require parties to exercise vested rights within a reasonable time, the courts should refrain from supplying this legislative lapse." Jamison, 98-447 at 7, 721 So.2d at 498. The third circuit reversed the trial court holding and remanded the case for trial.
In a concurring opinion to the denial of a writ in Jamison v. Hilton, 98-2916, (La.2/5/99), 730 So.2d 871, Justice Knoll wrote: "Denied. The result is correct. La. R.S. 13:5107(D), as amended and reen-acted by 1997 La. Acts 518, § 1, provides in Section 5 that `[t]he provisions of this Act shall be applicable only to suits filed on and after its effective date.' Act 518 became effective January 1, 1998, and in my view this is interpretive legislation, and therefore the amended statute was not applicable to this action, which was filed on June 4, 1993."
The fifth circuit in Hoyt v. Robinson, 98-1224 (La.App. 5 Cir. 3/30/99), 731 So.2d 426, writ denied, 99-1225 (La.6/18/99), 745 So.2d 24, reversed a lower court ruling which dismissed plaintiff's action against the governmental defendants for not requesting service of suit within 90 days of the effective date of the legislation. In that case, one of the plaintiffs was injured in an accident on March 7, 1994, and filed suit on March 3, 1995. Service of the suit was not requested until June 24, 1998, after the effective date of 1997 La. Acts No. 518. Hoyt, 98-1224 at 1, 731 So.2d at 427. The court reasoned that "[p]resumably, Act 518, has cured the defect found by the Jamison court by making clear that the ninety day rule for requesting service is, as we rule here, not applicable to suits pending prior to January 1, 1998." Hoyt, 98-1224 at 6, 731 So.2d at 429.
In May 1999, the first circuit again had the opportunity to consider LSA-R.S. 13:5107(D) in the case of Chinn v. Mitchell, 98-1060 (La.App. 1 Cir. 5/14/99), 734 So.2d 1263, writ not considered, 99-1772 (La.7/2/99), 747 So.2d 7. The facts in Chinn are distinguishable from the present case. In that case, suit was filed on September 26, 1996, following the enactment of LSA-R.S. 13:5107(D) effective May 9, 1996. Request for service was submitted on September 16, 1997, more than 90 days after filing. Defendants' motion for dismissal was filed on October 21, 1997 (prior to the effective date of 1997 La. Acts No. 518). The district court dismissed plaintiff's petition as to the governmental defendants. Chinn, 98-1060 at 2, 734 So.2d at 1265. This court affirmed, holding the language of LSA-R.S. 13:5107(D) as enacted by the 1996 legislation was mandatory and dismissal of the suit was proper.
The fifth circuit in Poole v. Jefferson Parish Recreation Department, 99-616 (La.App. 5 Cir. 1/25/00), 750 So.2d 1165, affirmed the dismissal of plaintiff's petition, applying the version of LSA-R.S. 13:5107(D) (as enacted by the 1996 legislation) that was in effect at the time the petition was filed and service was requested. The accident forming the basis of that case occurred on November 25, 1995. Suit was filed on July 19, 1996, but service was not requested until January 31, 1997. The *732 court declined to apply the amended and reenacted version of the statute, i.e. Act 518, to the facts of that case, distinguishing it from the Hoyt and Jamison decisions. Poole, 99-616 at 6-7, 750 So.2d at 1167-1168.
In Moreau v. State, 99-1238 (La.App. 4 Cir. 1/26/00), 752 So.2d 312, the fourth circuit reversed a dismissal for failure to serve the defendant State of Louisiana within the period required by LSA-R.S. 13:5107(D). There, the plaintiff was allegedly injured July 10, 1993, and suit was filed July 11, 1994, with service requested on January 8, 1998. The court held that:
Acts of 1996, 1 st Ex.Sess., No. 63, § 1, has no grace period and provides that it take effect immediately, so it fails the Maltby [v. Gauthier, supra] test, and Act 518 of 1997 is specifically limited to suits filed on or after its effective date. Following Maltby, neither the 1996 nor the 1997 amendments to LSA-R.S. 13:5107 apply to the facts of the instant case. Accordingly, we find that it was error for the trial court to apply the ninety-day requirement of LSA-R.S. 13:5107(D) in dismissing plaintiffs claim. (Case name emphasized.)
Moreau, 752 So.2d at 314.
When the legislature enacted 1997 La. Acts No. 518 amending and reenacting Section D of LSA-R.S. 13:5107, it effectively established a "safe harbor" for suits filed prior to the effective date of the act. Act 518 was applicable when the motion to dismiss in the present case was filed and heard. As a procedural or interpretive provision, it applied when the motion to dismiss was heard.[1] By its own terms, the act applies only to suits filed on or after the effective date of January 1, 1998. Since plaintiffs suit was filed on March 17, 1997, the 90 day service requirement does not apply to this case.
Because I would reverse on the issue discussed above, I do not address the other assignments of error.
NOTES
[1] We note conflicting jurisprudence among the circuits regarding the applicability of Act 63 and Act 518. See Moreau v. State of Louisiana, 99-1238 (La.App. 4 Cir. 1/26/00), 752 So.2d 312; Hoyt v. Robinson, 98-1224 (La. App. 5 Cir. 3/30/99), 731 So.2d 426, writ denied, 99-1225 (La.6/18/99), 745 So.2d 24; Jamison v. Hilton, 98-447 (La.App. 3d Cir.10/21/98), 721 So.2d 494, writ denied, 98-2916 (La.2/5/99), 730 So.2d 871. We are bound by and adhere to this court's prior holdings. See Chinn v. Mitchell, 734 So.2d at 1267-68 and Frain v. City of Baton Rouge, 97-0868 (La.App. 1 Cir. 12/29/97), 704 So.2d 1276.
[2] Louisiana Code of Civil Procedure article 1201 has recently been amended to require that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." La. C.C.P. art. 1201(C). (Emphasis added.) However, this requirement does not apply to the present case because the amendment to La. C.C.P. art. 1201 only applies to suits filed on or after January 1, 1998. See 1997 La. Acts No. 518, §§ 5-6.
[1] Thus, Frain and Chinn, decided by this court, are not applicable because the operative facts of those cases antedate the January 1, 1998 effective date of 1997 La. Acts No. 518.