J^GONZALES, Judge.
In this appeal, the plaintiff, John Herman Lee Taylor, challenges a trial court judgment dismissing his claim against the State, Department of Transportation and Development (State), for failure to timely request service of process upon the State.
FACTUAL AND PROCEDURAL BACKGROUND
Mr. Taylor filed suit against the State on August 29, 1995, to recover damages for injuries allegedly sustained in an automobile accident which occurred on September 10, 1994. Service of process was withheld at the time suit was filed but was subsequently requested on May 14, 1998. The State was served with a copy of the petition on July 9, 1998. On August 20, 1998, the State filed a motion to dismiss Mr. Taylor’s petition for failure to timely request service of process within 90 days of the filing of the petition as required by La. R.S. 13:5107(D). On February 10, 1999, the trial court signed a judgment granting the State’s motion and dismissing Mr. Taylor’s demand with prejudice.[1]
Mr. Taylor appeals from this adverse judgment.
*2 DISCUSSION
In his sole assignment of error, Mr. Taylor contends the trial court erred in granting the State’s motion to dismiss for failure to timely request service of process in accordance with La. R.S. 13:5107(D).
In 1996, the legislature enacted La. R.S. 13:5107(D), effective May 9, 1996, which read, in pertinent part:
|3In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names a state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, or political subdivision or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof. The effect of interruption of prescription as to other persons shall not be affected thereby.
The Act further provided it became effective upon signature of the Governor. The legislation was approved on May 9, 1996, and therefore became effective that date.[2]
*3 In Frain v. City of Baton Rouge, 97-0868 (La.App. 1 Cir. 12/29/97), 704 So.2d 1276, 1278, this court determined La. R.S. 13:5107(D), as enacted by 1996 La. Acts, 1st Ex.Sess., No. 63, § 1 (Act 63), was procedural and could be given retroactive application to actions filed before its effective date. Thus, the 90-day service of process rule in La. |4R.S. 13:5107(D), as enacted by Act 63, applies to this action. However, the Frain court determined that substantive rights were affected when the 90-day window for service lapsed prior to the effective date of La. R.S. 13:5107(D). In those instances, the Frain court recognized an additional 90 days, commencing on May 9, 1996, as the time allowed for those plaintiffs to perfect service.[3] Frain, 704 So.2d at 1278.
In the present case, the 90-day period for requesting service lapsed prior to the effective date of La. R.S. 13:5107(D), because the petition was filed on August 29, 1995, and the effective date of La. R.S. 13:5107(D), as enacted by Act 63, was May 9, 1996. Thus, bound by the reasoning of Frain, we conclude Mr. Taylor had 90 days from May 9, 1996, to request service of process upon the State and failed to do so. Therefore, the trial court properly granted the State’s motion to dismiss Mr. Taylor’s petition. We note, however, that a dismissal under La. R.S. 13:5107(D), due to an untimely request for service of process, is without prejudice. Therefore, we will amend the trial court’s judgment accordingly.
DECREE
For the foregoing reasons, the judgment of the trial court, dismissing Mr. Taylor’s petition based on La. R.S. 13:5107(D), is AMENDED, and as amended, is AFFIRMED. It is amended to state that the dismissal of Mr. Taylor’s claim is without prejudice. Costs of this appeal are assessed to Mr. Taylor.
FITZSIMMONS, J., concurs, and assigns reasons.
WEIMER, J., dissents and assigns reasons.

. After this appeal was lodged, Mr. Taylor filed an “Ex Parte Motion to Amend Judgment ..in the trial court seeking to have the judgment amended to be a dismissal "without prejudice” instead of “with prejudice.” After a hearing on April 5, 2000, the *2 trial court signed an amended judgment on April 13, 2000, indicating the dismissal of Mr. Taylor’s demand was to be without prejudice. The record on appeal was supplemented with this amended judgment on May 8, 2000.
We note this amended judgment is invalid as the change of the judgment from one “with prejudice” to one "without prejudice” is a substantive amendment which the trial court was not allowed to make unless done pursuant to a timely application for new trial, an action for nullity, or a timely appeal. Creel v. Bogalusa Community Medical Center, 580 So.2d 551, 552 (La.App. 1 Cir.), writ denied, 585 So.2d 567 (La.1991); State, Department of Social Services v. Moran, 94-33 (La.App. 5 Cir. 5/11/94), 638 So.2d 264, 266. We further note that, even if valid, the amended judgment is not before this court, because it is not the judgment from which Mr. Taylor appealed. In any event, we agree the dismissal of Mr. Taylor’s claim should have been without prejudice as is required by La. R.S. 13:5107(D). We amend the judgment accordingly. See Poole v. Jefferson Parish Recreation Department, 99-616 (La.App. 5 Cir. 1/25/00), 750 So.2d 1165, writ not considered, 00-0624 (La.4/20/00), 759 So.2d 772.

. By 1997 La. Acts No. 518, § 1 (Act 518), effective January 1, 1998, the legislature amended and reenacted La. R.S. 13:5107(D). The provision as amended and reenacted reads as follows:
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictoty motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of inter *3 ruption of prescription as to other persons shall continue.
The subsequent amendment and reenactment of La. R.S. 13:5107(D) by Act 518 had no bearing on this suit because Act 518 only applies to cases filed on and after its effective date. See Act 518, §§ 5-6. Further, we note conflicting jurisprudence among the circuits regarding the applicability of Act 63 and Act 518. See Moreau v. State of Louisiana, 99-1238 (La.App. 4 Cir. 1/26/00), 752 So.2d 312, writ denied, 00-0626 (La.4/20/00), 760 So.2d 350; Hoyt v. Robinson, 98-1224 (La.App. 5 Cir. 3/30/99), 731 So.2d 426, writ denied, 99-1225 (La.6/18/99), 745 So.2d 24; Jamison v. Hilton, 98-447 (La.App. 3 Cir. 10/21/98), 721 So.2d 494, writ denied, 98-2916 (La.2/5/99), 730 So.2d 871. Although we may not agree with it, we are bound by and adhere to this court's prior holding. See Frain v. City of Baton Rouge, 97-0868 (La.App. 1 Cir. 12/29/97), 704 So.2d 1276.

. Although Frain, 704 So.2d at 1278, provided a 90-day window from the effective date of La. R.S. 13:5107 within which to “perfect” service of process, we note La. R.S. 13:5107(D) requires that service be "requested” within 90 days of the filing of the suit, not that it be perfected.