11 WEIMER, J.,
dissenting.
I respectfully dissent for the same reasons assigned in Naquin v. Titan, 99-0400 (La.App. 1 Cir. 5/12/00), 767 So.2d 726. *4 Additionally, after further evaluation, I believe Frain v. City of Baton Rouge, 97-0868 (La.App. 1 Cir. 12/29/97), 704 So.2d 1276, which jurisprudentially created a 90-day window to “perfect” service of process, is erroneous.
First, the 1996 La. Acts, 1st Ex.Sess., No. 63, should not be retroactively applied to suits filed before the effective date of the Act so as to require service of process within 90 days when no such requirement existed when the cause of action arose or when the suit was filed.
Second, the courts should not jurispru-dentially create that which is not legislatively provided — in this matter, a 90-day window to perfect service relative to suits filed prior to the applicable date of Act 63.
Lastly, Frain refers to a 90-day period to “perfect” service. Act 63 states that service is to be “requested.” Requesting service is distinct from perfecting service.
In this matter, suit was filed at a time when there was no requirement to serve the petition or request service of the petition within 90 days. How is the plaintiff to [ ¡.anticipate that the court will retroactively apply a provision to require service within 90 days and also create a 90-day window to perfect service when the statute has no such provision? This has unfairly created a trap for the unwary which could not be logically anticipated and which has no basis in the legislation. Cases are being unfairly dismissed. I suggest the Legislature recognized this unfair result by returning the next year and enacting 1997 La. Acts No. 518, which provides it is not applicable to suits filed prior to January 1, 1998.