506 So.2d 1190 (1987)
Robert M. MALTBY, Individually and on Behalf of his Wife, and Robin Posey Maltby
v.
Kohlmann GAUTHIER, M.D., Metairie General Hospital, Certain Members of its Staff and Their Insurers.
No. 86-C-1123.
Supreme Court of Louisiana.
May 18, 1987.
*1191 John Ferrara, New Orleans, for applicant.
Rene' A. Curry, Jr., J.T. Holmes, Ralph Kaskell, Jr., Nancy J. Marshall, Frederick R. Bott, Deutsch, Kerrigan & Stiles, New Orleans, Robert E. Birtel, Metairie, M. Arnaud Pilie, Pilie & Pilie, New Orleans, for respondent.
LEMMON, Justice.
The issue in this case is whether La.R.S. 9:5628 operates to bar an action for damages caused by medical malpractice based on acts or omissions by health care providers which occurred prior to the effective date of the statute, when the action was not filed within three years of the effective date. Inasmuch as there is no indication of any legislative intent, either expressed in the statute or implied from an analysis of the overall language and purpose of the statute, to affect claims based on acts or omissions occurring before the effective date of the statute, we conclude that La. R.S. 9:5628 does not bar the present action.
In November, 1972 and January, 1973, plaintiff Robin Maltby underwent surgery performed by defendant Dr. Kohlmann Gauthier at Metairie General Hospital. On February 11, 1980, the Maltbys filed this action alleging that malpractice by the doctor and/or members of the hospital staff during the 1972 and 1973 surgery caused damage to her reproductive organs. Plaintiffs further alleged that they did not obtain knowledge of the damage and the malpractice until February 12, 1979, when Mrs. Maltby's obstetrician informed her of the problem.
Defendants filed an exception of prescription. The trial court maintained the exception and dismissed the action. The court of appeal affirmed the dismissal, holding that La.R.S. 9:5628 barred an action filed more than three years after the effective date of the statute, even though the act or omission occurred before the effective date. 489 So.2d 396 (1986). We granted certiorari. 497 So.2d 1006 (1986).
Prior to the enactment of La.R.S. 9:5628, a tort victim (including a victim of medical malpractice) was entitled under certain circumstances to invoke the doctrine of contra non valentem agere nulla currit praescriptio. That doctrine operated to suspend the running of prescription during the period in which the cause of action was not known or reasonably knowable to the tort victim, even though the ignorance was not induced by the tortfeasor. Corsey v. State of Louisiana, Department of Corrections, 375 So.2d 1319 (La.1979).
*1192 The enactment of La.R.S. 9:5628, which became effective on September 12, 1975, placed an outside limit of three years on the applicability of the doctrine of contra non valentem for claims arising from acts or omissions which occurred after the effective date of the statute.[1] Unless La. R.S. 9:5628 also precludes application of the doctrine of contra non valentem to some claims that arose before the enactment of the statute, the present suit is timely, since it was filed within one year of discovery of the cause of action.
The decision on rehearing in Crier v. Whitecloud, 496 So.2d 305 (La.1986) held that a claim, based on an act or omission occurring after the effective date of the La.R.S. 9:5628, was prescribed because it was filed more than three years from the date of the alleged act or omission, even though the cause of action was not known or reasonably knowable to the tort victim within the three-year period.[2] On the other hand, the decision in Lott v. Haley, 370 So.2d 521 (La.1979) held that a suit, based on an act or omission occurring before the effective date of La.R.S. 9:5628, was not prescribed, although it was filed later than three years from the date of the alleged act or omission. The Lott decision reasoned that the plaintiff's cause of action had vested prior to the effective date of the statute and that the suit would have been timely under the law previously in effect.
The Lott case, unlike the present action, was filed within three years of the effective date of the statute. Citing this difference, defendants argue that Lott does not control the decision in this case and that a period of three years (the outside limit provided in the statute) was a reasonable time limitation for asserting claims vested at the time of the statute's enactment. On the other hand, plaintiffs argue that the statute should not be interpreted to affect any cause of action which had already become vested before the effective date of the statute. Defendants counter that the Lott decision and the decision in Reichenphader v. Allstate Insurance Co., 418 So.2d 648 (La. 1982), recognized that a newly enacted statute which shortens an existing period of limitation does not violate the constitutional prohibition against affecting a vested right, provided the statute allows a reasonable time for those adversely affected to assert their vested rights.[3]
Although the Legislature could have done so, the enactment of R.S. 9:5628 did not expressly provide either for a delay in the effectiveness of the statute, as in Reichenphader, or for a grace period for persons with vested claims to assert their rights. Either type of provision arguably would have indicated a legislative intent for the statute to apply to vested causes of action, and the remaining question for the court would have been whether the period provided was a reasonable one.[4] However, *1193 the Legislature's failure to provide for either type of period can be construed as an indication that no effect on vested causes of action was intended.[5] When the Legislature, in enacting prescriptive statutes potentially affecting existing causes of action, fails to require parties to exercise vested rights within a reasonable time, the courts should refrain from supplying this legislative lapse.
Moreover, the Legislature did not simply shorten a prescriptive period in enacting La.R.S. 9:5628, but rather substituted, at least in part, a peremptive period for a prescriptive period.[6] Under these circumstances, there is even more reason for a court to decline to supply a requirement for asserting vested claims within a shortened period when there is no express or implied indication of such a legislative intent.[7] Here, the Legislature failed to provide in the statute a requirement that persons adversely affected by the enactment of La. R.S. 9:5628 must assert vested claims within a shortened period, and we decline to read such a period into the statute.
Accordingly, the judgment maintaining the exception of prescription and dismissing the suit is reversed, and the case is remanded to the trial court for further proceedings.
NOTES
[1] La.R.S. 9:5628 provides in part:

"No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect."
[2] The Crier decision effectively construed the legislative intent of La.R.S. 9:5628 as setting an outside limit on the discovery rule in medical malpractice cases, thereby providing both prescriptive and peremptive effects.
[3] At issue in Reichenphader, supra, was a new statute which shortened the time for bringing an action against an uninsured motorist insurer from ten to two years. This court upheld the statute, concluding that the Legislature had expressly delayed the effective date of the statute for a period of one year and that the time provided in the additional period was reasonable. (Three justices dissented on the question of whether the additional period was reasonable.)
[4] In Mire v. Hawkins, 177 So.2d 795 (La.App. 3rd Cir.1965), the court reasoned that the Legislature, by including a grace period in the statute in question, obviously intended that the statute have a retroactive effect because there would have been no need for the statutory provision if the statute was intended for prospective application only.
[5] La.R.S. 9:5628 could reasonably be construed, as defendants suggest, to require persons with vested claims to assert them within the same three-year limitation applicable to a person whose claim arose on the day after the effective date of the statute. However, the statute could also reasonably be construed, as plaintiffs suggest, to apply only to causes of action which had not become vested on the effective date of the statute. In the absence of a clear indication of legislative intent, prescriptive statutes which can be given more than one reasonable interpretation should be construed against the party claiming prescription.
[6] The statute under consideration in Reichenphader expressly gave the claimant eleven months to assert her claim, but the claimant was aware of her claim and was presumed to know the law which shortened her time for asserting the known claim. Here, the claimant's cause of action was not known or reasonably knowable to her at any time during the three-year period after the effective date of the statute. There is nothing in La.R.S. 9:5628 which expressly or impliedly indicates that the Legislature intended to deprive persons with vested claims of their right to invoke the contra non valentem doctrine.
[7] In State ex rel. Hills v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937), this Court held that the act in question could not be retroactively applied, because "the Legislature made no provisions for the rights of those who would be affected by the act, nor is it shown that the Legislature intended that the act should have a retroactive effect." Id., 173 So. at 142. Similarly, the Legislature made no provision in La.R.S. 9:5628 for the rights of those who would be adversely affected by the enactment of the statute, and there is no other indication that the Legislature intended this statute to affect those with vested rights.