|2FOGG, Judge.
The salient issue raised on appeal in this case is whether a teacher battered by a student in 1988 and rendered disabled from teaching can receive sick leave without reduction in pay for the duration of her disability pursuant to LSA-R.S. 17:1201 C as it read at the time of the incident.
The facts of this case are undisputed. On December 15, 1988, Linda Gayle Alford was disabled as a result of receiving a battery from a student while performing her job as a teacher for the St. Tammany Parish School Board (“the School Board”). As a result of the injury she sustained from the battery, she is disabled from teaching. She will continue to be disabled from teaching for an extended period of time and may be permanently disabled from teaching.
Plaintiff filed this action, seeking a declaratory judgment determining the applicability *1055 of LSA-R.S. 17:1201 C. This suit was a suit filed previously by plaintiff raising the same issues. The matter was submitted by joint stipulation after argument. The district court held in favor of plaintiff, allowing Alford to receive “full sick leave benefits without reduction in pay and without reduction in accrued sick leave days ... and continuing while she is disabled.” From that judgment, the School Board appeals.
On the date of Alford’s injuries, LSA-R.S. 17:1201 C provided:[1]
Any teacher and superintendent of the public schools who is injured and disabled while acting in his official capacity as a result of assault by any student or person shall receive sick leave without reduction in pay and without reduction in accrued sick leave days while disabled as a result of such assault and battery. However, such teacher shall be required to present a certificate from a physician certifying such injury and disability. The sick leave authorized by this Subsection shall be in addition to all other |3sick leave authorized in this Section, provided that additional sick leave earned during the period of disability as a result of such assault and battery shall not be accumulated from year to year, nor shall such additional sick leave be compensated for at death or retirement or compensated for in any other manner except as authorized in this Subsection.
Louisiana law on statutory interpretation is set forth in Louisiana Civil Code articles 9 through 13. Civil Code article 9 provides that “[wjhen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.”
LSA-R.S. 17:1201 C is clear and unambiguous. Furthermore, the compensation of public school teachers who suffer disability as the result of an assault and battery by a student cannot be described as an absurd consequence. Therefore, the statute must be applied as written. Alford is entitled to sick leave without reduction in pay and without reduction in sick leave days as set forth in LSA-R.S. 17:1201 C.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs in the sum of $617.00 are assessed against St. Tammany Parish School Board.
AFFIRMED.
LeBLANC, J., dissents and assigns reasons.

. LSA-R.S. 17:1201 C was later amended.