734 So.2d 1263 (1999)
Robert CHINN and Helania Chinn
v.
Evelyn B. MITCHELL and Iberville Parish Police Jury.
No. 98 CA 1060.
Court of Appeal of Louisiana, First Circuit.
May 14, 1999.
*1264 L.D. Sledge, Baton Rouge, Counsel for Plaintiffs/Appellants, Robert Chinn and Helania Chinn.
James P. Dore', Plaquemine, Counsel for Defendants/Appellees, Evelyn B. Mitchell and Iberville Parish Police Jury.
Gary P. Graphia, Baton Rouge, Counsel for Defendants/Appellees, Evelyn B. Mitchell and Iberville Parish Police Jury.
Before: LeBLANC, FOGG and PARRO, JJ.
LeBLANC, J.
This appeal is by the plaintiffs, Robert and Helania Chinn, from a district court judgment in favor of defendants, Evelyn B. Mitchell and the Iberville Parish Police Jury, dismissing plaintiffs' suit without prejudice. We affirm.

FACTS AND PROCEDURAL HISTORY
On September 29, 1995, Mr. Chinn was involved in an automobile collision in West Baton Rouge Parish. Evelyn B. Mitchell drove the other vehicle involved in the collision. The Chinns allege the collision was caused by the negligence of Ms. Mitchell and that Ms. Mitchell, an employee of the Iberville Parish Police Jury, was *1265 within the course and scope of her employment at the time of the collision.
On September 26, 1996, the Chinns timely filed suit in West Baton Rouge Parish, naming Ms. Mitchell and the Iberville Parish Police Jury as defendants. Robert Chinn asserted he suffered injury and damage and Helania Chinn asserted a claim for her loss of consortium. At the end of the petition is the notation: HOLD SERVICE. By letter dated September 16, 1997, plaintiffs instructed the West Baton Rouge Parish Clerk of Court to release service on defendants. On October 21, 1997, defendants filed a motion to dismiss, based on plaintiffs' failure to request service within 90 days of institution of the suit, as required by La. R.S. 13:5107 D. After a contradictory hearing, the district court granted defendants' motion, dismissing plaintiffs' petition without prejudice.
The Chinns appeal, raising the following issues:
1. Dismissal of plaintiffs' petition without prejudice was error, as dismissal constituted great prejudice for the plaintiffs since prescription has run.
2. La. R.S. 13:5107D violates the Equal Protection Clause of the United States Constitution.
3. Dismissal of plaintiffs' petition was inconsistent with the legislative intent of La. R.S. 13:5107D.
4. Dismissal of plaintiffs' petition divested plaintiffs of a vested right.

APPLICABLE LAW
La. R.S. 13:5107 D, as added by 1996 La. Acts, 1st Ex.Sess., No. 63, § 1, effective May 9, 1996, provided:
In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the filing of the initial pleading, which names a state, a state agency, or political subdivision or any officer or employee thereof as a party. If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory hearing, as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served. When the state, a state agency, or political subdivision or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof. The effect of interruption of prescription as to other persons shall not be affected thereby.[1]

ANALYSIS

Dismissal without prejudice
Plaintiffs assert dismissal of their petition, albeit without prejudice, "will significantly impact the plaintiffs['] ability to refile" and "would, in effect, deny the plaintiff his action [sic] due to an accrual of the one year prescriptive period." There is no dispute that defendants are in the class of governmental defendants entitled to service within 90 days of filing pursuant to section 5107 D.[2] Pursuant to the statute, an action shall be dismissed without prejudice, after contradictory hearing, as to a political subdivision, or any employee thereof, who was not been served within 90 days of filing. The statute is mandatory, as noted by the district court judge. *1266 Plaintiffs had 90 days after filing in which to serve defendants; however, as clearly requested by their petition, service was held. Service was not released until September 16, 1997, almost one year from the date of filing. Upon motion by defendants, and after a contradictory hearing, the district court was required by law to dismiss plaintiffs' action, and the dismissal was required to be without prejudice.
Plaintiffs' brief also includes within this assignment an argument that acknowledgment by defendants is sufficient to stop the accrual of prescription. Louisiana Civil Code article 3464 provides that "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." An acknowledgment is "the recognition of the creditor's right or obligation that halts the progress of prescription before it has run its course". Lima v. Schmidt, 595 So.2d 624, 631 (La. 1992). An acknowledgment may be oral, in writing, formal, informal, express or tacit. See Gary v. Camden Fire Ins. Co., 96-0055, p. 4-5 (La.7/2/96); 676 So.2d 553, 556. It involves an admission of liability. Gary v. Camden Fire Ins. Co., 96-0055 at 4; 676 So.2d at 556. The essence of acknowledgment is not its form, but the debtor's recognition of the creditor's right to the debt claimed by him. Lima v. Schmidt, 595 So.2d at 632 (citing Comment, Interruption of Prescription by Acknowledgment in Louisiana, 14 Tul. L.Rev. 430, 435 (1940)).
Plaintiffs argue a letter from Gallagher Bassett Services, Inc., administrator for Iberville Parish's insurance program, constitutes an acknowledgment. We disagree. The letter acknowledges an attorney's lien, requests all future correspondence concerning the collision be addressed to Gallagher Bassett and requests additional information so that "further consideration may be given to your client's claim." Admission of the existence of a claim is not an acknowledgment. This correspondence does not, expressly or tacitly, admit liability or recognize an obligation. There is no merit to these arguments.

Equal Protection
Plaintiffs also raise the issue of a violation of the Equal Protection Clause. In brief to this court, plaintiffs argue the statute provides governmental defendants "special protection" and denies equal protection to others.
While plaintiffs' brief includes references to both the United States and the Louisiana State Constitution, plaintiffs include no citation to either constitutional clause, nor do they differentiate between the protections afforded by either.[3] Moreover, the prerequisites for raising the issue of the unconstitutionality of a statute, as set forth in Vallo v. Gayle Oil Co., Inc., 94-1238, p. 7 (La.11/30/94); 646 So.2d 859, 864, are not met. In Vallo, the Louisiana Supreme Court stated that the constitutionality of a statute must first be questioned in the trial court, the issue must be specifically pled to be considered by the trial court and the attorney general should be served with a copy of the pleading in which the constitutionality of a state statute is contested. Vallo v. Gayle Oil Co., Inc., 94-1238 at 7; 646 So.2d at 864. As the Vallo case explained:
[T]he long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. Johnson v. Welsh, 334 So.2d 395, 396-397 (La.1976); State ex rel. McAvoy v. Louisiana State Bd. of Medical Examiners, [238 La. 502, 509,] 115 So.2d [833] at 836 [the unconstitutionality of a statute cannot be asserted in the appellate *1267 court unless it has been pleaded and made an issue in the court of first instance]; Becker v. Allstate Ins. Co., 307 So.2d 101, 103 (La.1975); Summerell v. Phillips, 258 La. 587, [599-600,] 247 So.2d 542, 546 (1971); State v. de St. Romes, 26 La.Ann. 753, 754 (1874), on rehr'g; De Blanc v. De Blanc, 18 So.2d 619, 623 (La.App.Orleans, 1944).
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. [Footnotes omitted.]
Vallo v. Gayle Oil Co., Inc., 94-1238 at 8; 646 So.2d at 864-65.
Plaintiffs, in the instant case, first raised the issue of the unconstitutionality of La. R.S. 13:5107 D in their memorandum in opposition to defendants' motion to dismiss and reurged their argument in brief to this court. The record does not reveal that plaintiffs filed a petition, exception, written motion or answer raising the unconstitutionality of section 5107 D. Furthermore, we find no indication in the record before us that notice to the attorney general has been accomplished. Therefore, the issue was not properly presented to the district court and cannot be addressed by this court.

Legislative intent
Plaintiffs also argue the intent of the legislature, in enacting the amendment to section 5107, was to prevent prejudice to a governmental defendant due to late served petitions. Declaring there would be no prejudice to defendants in this matter, plaintiffs argue the purpose of section 5107D will not be furthered, and their suit should be maintained.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; Alford v. St. Tammany Parish School Board, 97-2341, p. 3 (La.App. 1 Cir. 11/6/98); 721 So.2d 1054, 1055, writ denied, 98-3028 (La. 1/29/99); 736 So.2d 839. The letter of the law shall not be disregarded in search of the intent of the legislation or under the pretext of pursuing its spirit. Hughes v. Carroll Timber Co., 96-0031, p. 6 (La.App. 1 Cir. 10/1/96); 694 So.2d 331, 335. The wording of La. R.S. 13:5107 D is clear and unambiguous and does not lead to absurd consequences. We will not disregard the clear meaning of the statute under the pretext of searching for the legislative intent. This assignment is without merit.

Vested interest
Plaintiffs, in this assignment contained in a supplemental brief filed with this court, argue section 5107 D cannot operate to divest them of a vested right which arose on September 29, 1995, before the effective date of the controlling version of the statute.[4] In support of their argument, plaintiffs cite Jamison v. Hilton, 98-447 (La.App. 3 Cir. 10/21/98); 721 So.2d 494, writ denied, 98-2916 (La.2/5/99); 730 So.2d 871.
This court, in Frain v. City of Baton Rouge, 97-0868, p. 4 (La.App. 1 Cir. 12/29/97); 704 So.2d 1276, 1278, held subsection D of R.S. 13:5107, effective May 9, 1996, does not operate to either vest or divest a party of a right, but rather, "merely defines and restricts the time period during which service of citation of a filed petition must be made on a named governmental defendant". We noted substantive *1268 rights were affected when the 90-day window for service lapsed prior to the effective date of section 5107 D. In those instances, we recognized an additional 90 days, commencing on May 9, 1996, as the time allowed for those plaintiffs to perfect service. Frain v. City of Baton Rouge, 97-0868 at 4-5; 704 So.2d at 1278.
However, in Jamison v. Hilton, 98-447 at 6; 721 So.2d at 497, our brethren on the third circuit disagreed with that portion of our holding in Frain, finding the retroactive application of section 5107 D "will bar plaintiff from pursuing a right which vested on the date of the accident, long before the amendment became effective." The court in Jamison held application of subsection D "will divest plaintiff of a legal right" and "offend[s] `due process'". Jamison v. Hilton, 98-447 at 6; 721 So.2d at 497.
We also note the recent case of Hoyt v. Robinson, 98-1224 (La.App. 5 Cir. 3/30/99); 731 So.2d 426. In Hoyt, the fifth circuit agreed with our holding in Frain which held the provisions of section 5107 D, effective at the time suit was filed in the instant matter, did not create or destroy rights or liabilities. Hoyt v. Robinson, 98-1224 at 5; 731 So.2d at 429.
We are bound by and adhere to our prior holding in Frain. In the instant matter, plaintiffs' collision occurred on September 29, 1995. The controlling version of La. R.S. 13:5107 became effective May 9, 1996. Plaintiffs did not file suit until September 26, 1996, more than 120 days after the effective date of 1996 La. Acts, 1st Ex.Sess., No. 63, which amended section 5107. At the time of the initial filing of suit by plaintiffs, service upon governmental defendants was required within 90 days of filing of the initial pleading. Therefore, as mandated by La. R.S. 13:5107 D, plaintiffs had 90 days from filing their suit to request service on the named governmental defendants. This requirement did not divest plaintiffs of a vested right. See Frain v. City of Baton Rouge, 97-0868 at 4; 704 So.2d at 1278; Hoyt v. Robinson, 98-1224 at 5; 731 So.2d at 429. This assignment is without merit.

CONCLUSION
For the forgoing reasons, we affirm the judgment of the district court. All costs are assessed to plaintiffs, Robert and Helania Chinn.
AFFIRMED.
NOTES
[1] La. R.S. 13:5107 was later amended and reenacted by 1997 La. Acts, No. 518, effective January 1, 1998. The later act, by its own terms, does not apply to suits filed before its effective date.
[2] While we note plaintiffs incorrectly state in their brief to this court that the district court judgment dismissed only Iberville Parish Police Jury, plaintiffs do not dispute Ms. Mitchell's status as an employee of a political subdivision, and therefore, her entitlement to service within 90 days of filing.
[3] See Progressive Security Insurance Company v. Foster, 97-2985, p. 17-19 (La.4/23/98); 711 So.2d 675, 685-87.
[4] As noted earlier, La. R.S. 13:5107 D was added by 1996 La. Acts, 1st Ex.Sess., No. 63, § 1, effective May 9, 1996.