752 So.2d 312 (2000)
Lorraine MOREAU
v.
STATE of Louisiana, et al.
No. 99-CA-1238.
Court of Appeal of Louisiana, Fourth Circuit.
January 26, 2000.
Writ Denied April 20, 2000.
Eileen L. Mahoney, Margaret H. Mahoney, Mahoney Law Firm, New Orleans, Louisiana, Counsel for Plaintiff-Appellant.
Richard P. Ieyoub, Attorney General, M. Chadwick Pellerin, Assistant Attorney General, New Orleans, Louisiana, Counsel for Defendant-Appellee.
Court composed of Judge WILLIAM H. BYRNES, III, Judge PATRICIA RIVET MURRAY, Judge ROBERT A. KATZ.
BYRNES, Judge.
Plaintiff-appellant, Lorraine Moreau, appeals a judgment dismissing her personal injury lawsuit for failure to request service on the defendant, State of Louisiana, within the period required by LSA-R.S. 13:5107, subd. D. We reverse and remand.
Plaintiff was allegedly injured on July 10, 1993. She filed suit on July 11, 1994, but did not request that service be made until January 8, 1998. Acts of 1996, 1st Ex.Sess., No. 63, § 1, effective May 9, 1996, amended LSA-R.S. 13:5107, subd. D to require that service on the state or any of its political subdivisions be requested within 90 days of the filing of the suit. Prior to the enactment of this act a dismissal based on failure to request service was governed by the five-year period for abandonment under LSA-C.C.P. art. 561. The act is silent as to the legislative intent to give it retroactive effect. LSA-R.S. 13:5107, subd. D was amended effective January 1, 1998 by Act 518, § 1 of 1997, but the ninety-day requirement was not affected by that amendment. However, Section 5 of the same Act 518 of 1997 provides that it shall be applicable only to suits filed on and after its effective date.
Frain v. City of Baton Rouge  Parish of East Baton Rouge, 97-0868 (La.App. 1 Cir. 12/29/97); 704 So.2d 1276, held that Acts of 1996, 1st Ex.Sess., No.63, § 1, was procedural and retroactive in effect. Therefore, the court dismissed a claim filed by the plaintiff over two years prior to the effective date of Act 63 of 1996 where the plaintiff failed to request service for over five months after the effective date of the act.
In Jamison v. Hilton, 98-447 (La.App. 3 Cir. 10/21/98); 721 So.2d 494, the Third Circuit reached a contrary result. In Jamison the court noted that "in Maltby v. Gauthier, 506 So.2d 1190, 1193 (La.1987) `[w]hen the Legislature, in enacting prescriptive statutes potentially affecting existing causes of action, fails to require parties to exercise vested rights within a reasonable time, the courts should refrain from supplying this legislative lapse.'" In Maltby the court stated that where the *313 legislature in enacting a statute either provides for a delay in the effect date or provides a grace period for persons with vested claims to assert their rights, "Either type of provision arguably would have indicated a legislative intent for the statute to apply to vested causes of action ..."
Both Jamison and Frain may be distinguished from the instant case because they involved facts occurring prior to the effective date of either Acts of 1996, 1st Ex. Sess., No. 63, § 1, or Act 518 of 1997. In Hoyt v. Robinson 98-1224 (La.App. 5 Cir. 3/30/99); 731 So.2d 426, plaintiff filed suit on March 3, 1995, but did not request service until June 24, 1998, after the January 1, 1998 effective date of Act 518 of 1997. The Hoyt court took the position that because Act 518 of 1997 amended and reenacted LSA-R.S. 13:5107, subd. D subject to the specific caveat that "[t]he provisions of this Act shall be applicable only to suits filed on or after its effective date [of January 1, 1998]," the requirement that service be requested within ninety days only applied to suits filed on or after January 1, 1998. "In effect, Act 63, no longer exists, and the only remaining viable statute is Act 518." Id. at p. 429. Under this reading, a suit filed after the time the ninety-day requirement first went into effect under Acts of 1996, 1st Ex. Sess., No. 63, § 1, but prior to the effective date of Act 518 of 1997, could not be dismissed after the effective date of Act 518 of 1997, in spite of the fact that Act 518 of 1997 did not alter the 90 period. It was not necessary for the Hoyt court to adopt this line of reasoning because the cause of action at issue in that case arose prior to the effective dates of either Acts of 1996, 1st Ex.Sess., No. 63, § 1 or Act 518 of 1997. Therefore, applying the Maltby guidelines to the Hoyt facts, Acts of 1996, 1st Ex.Sess., No. 63, § 1 would not apply because it provided no grace period, and Act 518 of 1997 would not apply because it specifically provides that it applies only to suits filed after its effective date.
In Chinn v. Mitchell, 98-1060 (La.App. 1 Cir. 5/14/99); 734 So.2d 1263, the First Circuit followed its prior decision in Frain, supra, but the facts of that case antedate the January 1, 1998 effective date of Act 518 of 1997.
Like Jamison, this Court finds Maltby applicable, but we do not adopt the reasoning of Hoyt concerning the effect of Act 518 of 1997 on Acts of 1996, 1st Ex.Sess., No. 63, § 1, i.e., we believe that when the legislature retained the ninety-day period in Act 518 of 1997 it did not intend to void the running of any whole or part of such ninety-day period accruing while Acts of 1996, 1st Ex.Sess., No. 63, § 1 was in effect.
Acts of 1996, 1st Ex.Sess., No. 63, § 1, has no grace period and provides that it take effect immediately, so it fails the Maltby test, and Act 518 of 1997 is specifically limited to suits filed on or after its effective date. Following Maltby, neither the 1996 nor the 1997 amendments to LSA-R.S. 13:5107 apply to the facts of the instant case. Accordingly, we find that it was error for the trial court to apply the ninety-day requirement of LSA-R.S. 13:5107, subd. D in dismissing plaintiffs claim.
For the foregoing reasons the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MURRAY J., concurs with reasons.
MURRAY, J., concurring.
This suit was filed against the State in 1994, but was not served until January 1998. While La. R.S. § 13:5107 was twice amended in that interim period, I agree with the majority's conclusion that neither of those amendments can be applied to dismiss this timely civil action. As explained in Jamison v. Hilton, 98-447 (La. App. 3d Cir.10/21/98), 721 So.2d 494, writ denied, 98-2916 (La.2/5/99), 730 So.2d 871, the 1996 amendment cannot be retroactively *314 applied under these facts because it would deprive Ms. Moreau of a pre-existing substantive right. The 1997 amendment, on the other hand, was specifically designated as applying only to suits filed on or after January 1, 1998. Therefore, I concur in the reversal of the judgment dismissing this action for failure to comply with the amended version(s) of R.S. § 13:5107.