I .BYRNES, Judge.
On April 21, 1997, the plaintiffs, Tanya Shepard Watson, Lawrence Shepard and Deborah Shepard filed suit against the defendant Regional Transit Authority (“RTA”) for personal injuries allegedly sustained by plaintiffs as passengers of an RTA bus on April 26,1996. On the face of the petition is the handwritten notation, “Hold Service 4/24/97.” At the conclusion of the petition is the typed uppercase, boldface notation, “WITHHOLD SERVICE AT THIS TIME,” followed by the handwritten designation of RTA and its address. Also on the face of the petition is the handwritten notation, “1 C/C 12/4/98.” In view of the fact that the citation is dated stamped “December 4, 1998” and service was subsequently made on December 11, 1998, we infer that “C/C” means, “citation copy.”
Accordingly, on February. 19, 1999, the RTA moved to have the plaintiffs’ suit dismissed for failure to request service within ninety days as required by LSA-R.S. 13:5107 D [1], which motion was granted by the trial court. It is from that dismissal that the plaintiffs bring this appeal.
|2For the following reasons we hold that suits filed after May 9, 1996 (regardless of when the cause of action arose) are subject to the ninety-day requirement, and that the enactment of Act 518 of 1997 did not affect the running of the ninety-day period for suits filed prior to its effective date:
Acts of 1996, 1st Ex.Sess., No. 63, § 1, effective May 9, 1996, amended LSA-R.S. 13:5107 to require that service on the state or any of its political subdivisions be .requested within 90 days of the filing of the suit. LSA-R.S. 13:5107 D. Prior to the enactment of Acts of 1996, 1st Ex.Sess., No. 63, § 1, a dismissal based on failure to request service was governed by the five-year period for abandonment under LSA-C.C.P. art. 561. The act is silent as to the legislative intent to give it retroactive effect. Act 518,-§ 1 of 1997, effective January 1, 1998, amended LSA-R.S. 13:5107 D, but the ninety-day requirement was not affected by that amendment. However, Section 5 of Act 518 of 1997 provides that it shall be applicable only to suits filed on and after its effective date.
In the ipstant case, plaintiffs’ claim arose prior to the May 9, 1996 effective date of Acts of 1996, 1st Ex.Sess., No. 63, § 1. However, suit was not filed until April 26, 1997, after Acts of 1996, 1st Ex.Sess., No. 63, § 1 had gone into effect, but prior to the January 1, 1998 effectiye date of Act 518 of 1997. Moreover, service was not requested and defendant did not move for and obtain a dismissal until after the January 1, 1998 effective date of Act 518, § 1 of 1997.
In Hoyt v. Robinson 98-1224 (La.App. 5 Cir. 3/30/99); 731 So.2d 426, plaintiff filed suit on March 3, 1995, but did not request service until June 24,131998, after the January 1, 1998 effective date of Act 518 of 1997. Hoyt noted that Act 518 of 1997 amended and reenacted LSA-R.S. 13:5107 D subject to the specific caveat in Section 5 that “[t]he provisions of this Act shall be applicable only to suits filed on or after its effective date [of January 1, 1998].” Therefore, Hoyt concluded that: “In effect, Act 63, no longer exists, and the only remaining viable statute is Act 518.” Id. at p. 429. Hoyt then .reasoned that the failure of the plaintiff to request service until after the January 1, 1998 effective date of Act 518 of 1997, meant that the ninety days and more that had accrued under Acts of 1996, 1st Ex.Sess., No. 63, § 1 was nullified on the January 1, 1998 *878 effective date of Act 518 of 1997, after which date the ninety-day period only applied to suits filed after that date. If we were to follow Hoyt, the ninety-day service requirement would not apply where service was not requested prior to the effective date of Act 518 of 1997, but the suit was filed after the time the ninety day requirement went into effect under Acts of 1996, 1 st Ex.Sess., No. 68, § 1, in spite of the fact that Act 518 of 1997 did not alter the 90 period.
However, in Moreau v. State, 99-CA-1238 (LaApp. 4 Cir. 1/26/2000); 752 So.2d 312, this Court declined to adopt the reasoning of Hoyt as regards the effect of Act 518 of 1997 on claims arising under Acts of 1996, 1st Ex.Sess., No. 63, § 1. Moreover, Hoyt is distinguishable because the claim in that case arose prior to the effective date of either Acts of 1996, 1st Ex.Sess., No. 63, § 1, or Act 518 of 1997. Therefore, the Hoyt court’s pronouncements concerning Act 518 of 1997’s effect of nullifying any ninety-day period arising under Acts of 1996, 1st Ex.Sess., No. |463, § 1 was unnecessary because the cause of action and filing in Hoyt arose prior to the effective dates of either Acts of 1996, 1st Ex.Sess., No. 63, § 1 or Act 518 of 1997. We find that Act 518 of 1997 did not affect the running of any ninety-day period commencing pursuant to Acts of 1996, 1st Ex. Sess., No. 63, § 1. In other words, the ninety-day period applies to all suits filed after May 9, 1996, and the running of that ninety-day period once commenced is in no way affected by the enactment of Act 518 of 1997. In “amending and reenacting” LSA-R.S. 13:5107 D pursuant to Act 518 of 1997, it was not the intention of the legislature to affect the running of any ninety-day period commencing under Acts of 1996, 1st Ex.Sess., No. 63, § 1. When the legislature in Section 5 of Act 518 of 1997 stated that the provisions of the Act would apply only to suits filed after its effective date, the legislature was referring only to those portions of the Act which represented a change in the existing law.
This case is distinguishable from the Moreau case in that Acts of 1996, 1st Ex.Sess., No. 63, § 1 was not in effect at the time of the filing of suit in Moreau.
None of the other cases on this issue fits the exact facts of this case. Frain v. City of Baton Rouge Parish of East Baton Rouge, 97-0868 (La.App. 1 Cir. 12/29/97); 704 So.2d 1276, held that Acts of 1996, 1st Ex.Sess., No. 63, § 1, was procedural and retroactive in effect. Therefore, the court dismissed a claim filed by the plaintiff over two years prior to the effective date of Act 63 of 1996 where the plaintiff failed to request service for over five months after the effective date of the act. Act 518 of 1997 was not in effect when Frain was decided.
Jn Jamison v. Hilton, 98-447 (La.App. 3 Cir. 10/21/98); 721 So.2d 494, the Third Circuit reached a contrary result, refusing to dismiss the case. Suit was filed in Jamison in 1993, long before either the 1996 or the 1997 Act went into effect. In Jamison the court noted that “in Maltby v. Gauthier, 506 So.2d 1190, 1193 (La.1987) [w]hen the Legislature, in enacting prescriptive statutes potentially affecting existing causes of action, fails to require parties to exercise vested rights within a reasonable time, the courts should refrain from supplying this legislative lapse.” But Act 518 of 1997 was not an issue in Jamison because the defendant was served over six months prior to the effective date of that Act.
Thus, both Jamison and Frain may be distinguished from the instant case because they involved claims filed prior to the effective date of either Acts of 1996, 1st Ex.Sess., No. 63, § 1, or Act 518 of 1997.
In Chinn v. Mitchell, 98-1060 (La.App. 1 Cir. 5/14/99); 734 So.2d 1263, the First Circuit followed its prior decision in Frain, swpra. In Chinn the cause of action arose in 1995, but suit was not filed until September 26, 1996, after the effective date of the 1996 Act, but prior to the effective *879 date of the 1997 Act. Plaintiffs did not request service until September 16, 1997, also after the effective date of the 1996 Act, but prior to the effective date of the 1997 Act. On October 21, 1997, the defendants moved for dismissal based on the plaintiffs’ failure to request service within 90 days, which motion was granted by the trial court and affirmed by the appellate court. But since all of the operative facts in Chinn antedate the effective date of the 1997 Act, it is not controlling in the instant case.
|fiIn Maltby the court stated that where the legislature in enacting a statute either provides for a delay in the effect date or provides a grace period for persons with vested claims to assert their rights, “Either type of provision arguably would have indicated a legislative intent for the statute to apply to vested causes of action ...” Acts of 1996, 1st Ex.Sess., No. 63, § 1, effective May 9, 1996 provides that it take effect immediately and has no grace period. Therefore, under Maltby we should not give retroactive effective to the 1996 Act, i.e., the ninety-day period should not apply to suits filed before May 9, 1996, regardless of how long thereafter service is requested, and Act 518 of 1997 is specifically limited to suits filed on or after its effective date. However, as the claim in the instant case was not filed until almost a year after the effective date of the 1996 Act, Maltby does not prevent the Act from applying.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Plaintiffs do not dispute the fact that the RTA is a political subdivision as that term is used in LSA-R.S. 13:5107 D.