784 So.2d 838 (2001)
Dawn P. LOTT
v.
ST. MARTIN PARISH SCHOOL BOARD.
No. 01-0003.
Court of Appeal of Louisiana, Third Circuit.
May 2, 2001.
*839 Harry K. Burdette, The Glenn Armentor Law Corp., Lafayette, LA, Counsel for Plaintiff/Appellee, Dawn P. Lott.
Chester R. Cedars, Assistant District Attorney, St. Martinville, LA, Counsel for Defendant/Appellant, St. Martin Parish School Board.
Court composed of DOUCET, C.J., and THIBODEAUX and SULLIVAN, Judges.
THIBODEAUX, Judge.
The trial court granted a motion for summary judgment filed by the Plaintiff, Dawn Lott, which ordered the St. Martin Parish School Board to pay Ms. Lott full sick leave without reduction in pay and without reduction in accrued sick leave for injuries resulting from an assault and battery by a student in the course and scope of her employment as an elementary school teacher. The School Board appeals the trial court's ruling.

*840 I.

ISSUES
The Defendant, St. Martin Parish School Board, raises the following issues:
(1) the trial court failed to recognize that La.R.S. 17:1201 is inapplicable to cases of permanent disability;
(2) the trial court improperly found Dawn Lott, the Plaintiff, was the victim of an assault or batter as envisioned by La.R.S. 17:1201(C)(1)(a); and
(3) the evidence submitted by Ms. Lott was insufficient and incompetent to sustain her burden of proof in the context of a Motion for Summary Judgment.

II.

FACTS AND PROCEDURAL HISTORY
Dawn Lott was employed by the St. Martin Parish School Board (hereinafter the "School Board") as a first grade classroom teacher at the St. Martinville Primary School. On October 5, 1993, a six-year-old student, M.N., was being disruptive. Ms. Lott verbally reprimanded M.N. whereupon he fled from the classroom into an adjacent restroom. She followed him and attempted to remove him from the restroom. He resisted her, and in the process kicked her foot causing her to lose her balance and fall to the floor, injuring her tailbone.
As a result of her fall, Ms. Lott suffered an injury to her left SI joint which has required surgery and may require additional surgery in the future. The School Board paid Ms. Lott full sick leave without reduction in pay and without reduction in accrued sick leave from the date of the accident until the end of August 1997, whereupon the School Board converted Ms. Lott's benefits pursuant to the Louisiana Workers' Compensation Act.
On July 30, 1998, Ms. Lott instituted proceedings seeking a judgment against the St. Martin Parish School Board for sick leave without reduction in pay and without reduction in accrued sick leave days for the entire period of her disability. On August 10, 2000, she filed a motion for summary judgment which was granted by the trial court on October 6, 2000. The trial court ordered the School Board to pay her full sick leave without reduction in pay and without reduction in accrued sick leave and any and all benefits pursuant to La.R.S. 17:1201(C)(1)(a), including, but not limited to September 1, 1997 forward.

III.

LAW AND DISCUSSION

Standard of Review
Appellate courts review summary judgments de novo, under the same criteria which govern a district court's consideration of the appropriateness of summary judgment. Self v. Walker Oldsmobile Co., Inc., 614 So.2d 1371 (La.App. 3 Cir.1993); Potter v. First Fed. Sav. & Loan Ass'n of Scotlandville, 615 So.2d 318 (La.1993). Thus, the appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: that is, whether there is any genuine issue of material fact and whether the mover-appellant is entitled to judgment as a matter of law. Nuccio v. Robert, 99-1327 (La.App. 5 Cir. 4/25/00); 761 So.2d 84, writ denied, 00-1453 (La.6/30/00); 766 So.2d 544. A motion for summary judgment may be made at any time. La.Code Civ.P. art. 966(a).

The Applicability of La.R. S. 17:1201 to Cases of Permanent Disability
The School Board argues the trial court erred when it found Ms. Lott was *841 entitled to receive full sick leave without reduction in pay and without reduction in accrued sick leave including, but not limited to September 1, 1997 forward. The court found Ms. Lott was entitled to benefits pursuant to the statutory provisions for teachers injured as a result of physical contact with a student. See La.R.S. 17:1201. The relevant provisions are as follows:
Any member of the teaching staff of the public schools who is injured or disabled while acting in his official capacity as a result of assault or battery by any student or person shall receive sick leave without reduction in pay and without reduction in accrued sick leave days while disabled as a result of such assault or battery. However, such member of the teaching staff shall be required to present a certificate from a physician certifying such injury and disability.
La.R.S. 17:1201(C)(1)(a). The School Board argues that by granting Ms. Lott benefits "from September 1, 1997 forward," the court has awarded her indefinite sick leave and, by implication, found her to be permanently disabled. The School Board claims this is contrary to the purposes of La.R.S. 17:1201(C) and that the trial court should have found her to be permanently disabled under the provisions of La.R.S. 11:778 which addresses disability retirement in cases of injuries or illnesses which cause a permanent disability and do not allow an employee to resume employment. La.R.S. 11:778(C) provides as follows:
Upon the application of a member in service or of his employer, any member who has five or more years of creditable service may be retired by the board of trustees, not less than thirty nor more than ninety days following the date of filing such application, on a disability retirement allowance, provided that the medical board, after a medical examination of the member, certifies that the member is mentally or physically incapacitated for the further performance of the duties currently being performed, that the incapacity is likely to be total and permanent, and that the member should be retired.
The School Board argues that Ms. Lott is in fact permanently disabled and beyond hope of a possible recovery and a subsequent return to work. Under La.R.S. 17:1201, Ms. Lott is entitled to receive her full salary while she is temporarily disabled. However, if she were found to be totally and permanently disabled under 11:778(C), her benefits would be calculated pursuant to the provisions of La.R.S. 11:1522(B)(1) which set the maximum compensation rate at two-thirds of the teachers's monthly average final compensation.
However, the language of La.R.S. 11:778 is abundantly clear. In order for the statute to apply, there must have already been a finding and certification by the state medical disability board that Ms. Lott is indeed permanently disabled. There is no evidence in the record that the board has examined Ms. Lott, let alone found that she is permanently disabled. The School Board has not even requested that Ms. Lott undergo such a medical examination. Nor has there been any medical testimony to the effect that she will not at some later point be able to return to work. The School Board bases its argument that Ms. Lott is permanently disabled on Ms. Lott's own statement that she did not think she could return to work. This is insufficient. If a teacher has not been found to be permanently disabled, then La.R.S. 11:778 is inapplicable. Alford v. St. Tammany Parish School Bd., 97-2341 (La.App. 1 Cir. 1998); 721 So.2d 1054, writ denied, 97-2341 (La.11/6/98); 736 So.2d 839. Although there was substantial evidence that *842 Ms. Lott remains disabled and unable to work as a result of her injuries, not one of her physicians testified that her condition could not improve at some point in the future. Therefore, we find that Ms. Lott is entitled to temporary disability payments under La.R.S. 17:1201(C).

Whether M.N. had the Capacity to Commit an Assault or Battery
In order for La.R.S. 17:1201(C)(1)(a) to apply to the injury and disability sustained by Ms. Lott, the injury and disability must have been the result of an assault or battery committed by a student. A battery is defined by Louisiana Revised Statutes 14:33 in part as "the intentional use of force or violence upon the person of another." The Board argues that because a six-year old child can be held neither criminally nor civilly liable for the commission of a battery, La.R.S. 14:33 and, therefore, 17:1201 are inapplicable to this case.
Louisiana law states that "[t]hose who have not yet reached the age of ten years are exempt from criminal responsibility." La.R.S. 14:13. Therefore, a child M.N.'s age cannot be held criminally responsible for his acts. However, children have long been considered to be capable of committing tortious acts which may result in civil liability for damages. Indeed, Louisiana law provides a framework for remedies to those who have been injured by the acts of children of any age. The basic remedy for torts is found in La.Civ.Code art. 2315 which states that "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Although a child of six years of age himself cannot be held civilly liable, La.Civ.Code art. 237 provides a mechanism whereby the injured party can still be made whole, stating "[f]athers and mothers are answerable for the offenses or quasi-offenses committed by their children." Thus, although M.N. himself could not be sued for damages, the law still recognizes that he has committed an offense which has resulted in an injury to another individual. The fact that M.N. himself is neither civilly nor criminally responsible for the battery is irrelevant to the issue of whether or not his act could be the cause in fact and legal cause of the injury to Ms. Lott and, thus, is irrelevant to the issue of whether or not the School Board, as her employer, is statutorily required to pay her benefits. Therefore, the Board's argument has no merit. Indeed, to conclude otherwise would be tantamount to saying that La.R.S. 17:1201(C)(1)(a) is only applicable to those teachers who happen to teach children older than ten years old. This cannot have been the legislature's intent.
In the alternative, the Board argues that, even if M.N. were able to commit a battery, battery requires a showing of intent. According to this argument, because no evidence of M.N.'s intent to commit a battery was presented, under the law, no battery was committed. "Battery" has been defined by the Louisiana Supreme Court as "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." Caudle v. Betts, 512 So.2d 389, 391 (La.1987). The type of intent required is described in Caudle as "intent to bring about a result which will invade the interests of another in a way that the law forbids." Id. The definition of intent is that the actor either consciously desired the physical result of his act, or knew that the result was substantially certain to follow from his conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981). Contrary to the Board's argument, a finding of the intent to commit a battery is not an absolute requirement. Instead, there must be present either of the following: *843 (1) the intent to commit the act which resulted in a harmful or offensive touching, that is, the battery; or, alternatively, (2) the knowledge that if the actor behaved in a certain way, the harmful or offensive touching would follow. Applied to the facts of this case, in order for there to be a finding of intent to commit a battery, all that is required is that either M.N. was flailing his legs in an attempt to kick Ms. Lott, or M.N. reasonably should have known that if he swung his legs in the direction of Ms. Lott, he would likely kick her. Here, the requirement of a showing of intent was satisfied.
In any case, even if there had been no battery in this case, Ms. Lott would still be compensated in the same fashion because an alternative subsection of La.R.S. 17:1201(C) applies. That is, a teacher who is injured or disabled "as a result of physical contact with a student while providing physical assistance to a student to prevent danger or risk of injury to the student" shall receive sick leave as well. La.R.S. 17:1201(C)(1)(b). Ms. Lott received the injury from her physical contact with M.N. while attempting to return him to the classroom. A six-year old child cannot be allowed to flee the classroom unsupervised and at will. Ms. Lott's attempt to remove him from the floor and return him to the classroom resulted from her attempts to fulfill her duties as a teacher to ensure the safety and well-being of her students. This statute is a clear attempt by the legislature to ensure that teachers injured and/or disabled as the result of physical contact with a student, whether the student possessed the intent to harm or not, be compensated. We find, therefore, that this assignment of error has no merit.

The Sufficiency of the Evidence
Finally, the Board argues that the evidence in the record is insufficient and incompetent to support the trial court's granting of summary judgment. The legislature and the courts favor summary judgment. A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The mover has the burden of proof and can ordinarily meet this burden by submitting affidavits. Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00); 764 So.2d 37. If the mover has made a prima facie showing that the motion should be granted, the nonmoving party then has the burden of presenting evidence which demonstrates that issues of material fact exist which preclude summary judgment. Delphin v. Montealegre, 98-700 (La.App. 3 Cir. 4/7/99); 732 So.2d 757, writ denied, 99-1370 (La.7/2/99); 747 So.2d 21.
The School Board had been paying Ms. Lott sick leave with full benefits for a period of several years following her injury. In August of 1997, it converted her benefits to workers' compensation. Therefore, the issue at trial was a determination of whether she remains temporarily totally disabled, as Ms. Lott claimed, or whether there had been a medical determination that she was now to be considered permanently totally disabled.
The statute clearly provides that the injured teacher is to be paid sick leave "while disabled as a result of [the] assault or battery." La.R.S. 17:1201(C)(1)(a). Thus, as long as she remains disabled, and there has been no finding of permanent disability, Ms. Lott is entitled to sick leave.
Ms. Lott complied with the statutory requirement of presenting a certificate *844 from a physician that certifies such injury and disability by submitting two disability certificates from her treating physician, Dr. Robert L. Morrow, along with her motion for summary judgment. The certificates stated that she had been totally incapacitated from August 18, 1998 to December 1, 1998 and also from December 2, 1998 to December 30, 1999. Ms. Lott submitted her own sworn affidavit as to what transpired when she was injured as a result of M.N.'s actions. In the affidavit she stated that M.N. had kicked her, causing her to fall and suffer an injury. Her responses to the interrogatories, her sworn affidavit, and the medical certificates were sufficient evidence for a prima facie showing that the motion for summary judgment should be granted.
As the nonmoving party, the School Board then had the burden of presenting evidence which demonstrated that issues of material fact existed which precluded summary judgment. However, the Board failed to present any evidence to contradict Ms. Lott's prima facie showing that she remains temporarily, totally disabled and, therefore, entitled to sick leave under the statute. The Board did not offer any evidence to refute the evidence presented by Ms. Lott. There was nothing presented to show that Ms. Lott was permanently disabled as the School Board alleged. Nor was any evidence offered to suggest that she had reached maximum medical improvement or, in the alternative, that she had been released by her physician to return to employment. We find that the requirements for summary judgment were met in this case.

IV.

CONCLUSION
For the reasons recited herein, we affirm the lower court's grant of Dawn Lott's summary judgment motion. Costs of the appeal are assessed to the St. Martin Parish School Board.
AFFIRMED.