# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1238

CAROLYN STROH

VERSUS

CALCASIEU PARISH SCHOOL BOARD

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-562
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Christopher M. Trahan
Raggio, Cappel, Chozen & Berniard
Post Office Box 820
Lake Charles, Louisiana 70602
(337) 436-9481
Counsel for Defendant/Appellant:
      Calcasieu Parish School Board

Kevin L. Camel
Cox, Cox, Filo, Camel & Wilson
723 Broad Street
Lake Charles, Louisiana 70601
(337) 436-6611
Counsel for Plaintiff/Appellee:
      Carolyn Stroh

**SULLIVAN, Judge.**

Defendant, the Calcasieu Parish School Board (the School Board), appeals a June 29, 2007 judgment finding that plaintiff, Carolyn Stroh,[1] was the victim of a battery which resulted in her being disabled from returning to her position as an elementary school teacher and entitling her to be paid sick leave without a reduction in pay. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ms. Stroh was employed as a third grade teacher at Brentwood Elementary School. On November 22, 2003, while escorting a disruptive student to the principal's office, Ms. Stroh fell to the ground when her feet became entangled with the student's feet as he was resisting her efforts.

Ms. Stroh filed suit on February 2, 2005 asserting that, because she was rendered disabled as a result of an assault or battery in the course and scope of her employment, she was entitled to receive sick leave benefits pursuant to La.R.S. 17:1201 (the assault pay statute) for the duration of her disability. According to Ms. Stroh, although she had initially been paid her full salary during her disability, the School Board terminated her assault pay on January 7, 2004.[2]

The School Board answered, admitting the occurrence of Ms. Stroh's on-the-job accident, but denying that the injuries she received were the result of an assault or battery, and denying that Ms. Stroh was disabled. Accordingly, the School Board asserted that it did not owe Ms. Stroh sick leave benefits pursuant to the assault pay statute.

---

[1]Plaintiff's surname is spelled both "Strohe" and "Stroh" throughout the record. For purposes of this opinion, we use "Stroh."

[2]According to Ms. Stroh, after January 7, 2004, the School Board reduced her benefits to the amount owed under the workers' compensation statute.

A bench trial was held on November 7, 2006, following which the trial court left the record open for the appointment of a physician to perform an independent medical examination (IME). After examining Ms. Stroh, the IME physician submitted a report to the trial court, and the matter was reset for hearing on June 28, 2007. Following the hearing, the trial court ruled that Ms. Stroh "was a victim of a battery as contemplated by Revised Statu[t]es 17:1201(C)(1)(a) and the applicable jurisprudence." The trial court further ruled that Ms. Stroh was "disabled from returning to her position as an elementary school teacher as a result of injuries sustained in the November 22, 2002, incident." The School Board was ordered to pay Ms. Stroh "sick leave without reduction in pay pursuant to Revised Statutes 17:1201(C)(1)(a) from January 8, 2004, forward."

The School Board appeals, claiming in its sole assignment of error that the trial court erred in finding that Ms. Stroh carried her burden of proving, by a preponderance of the evidence, that she was a victim of a battery.[3]

**LAW**

Louisiana Revised Statutes 17:1201(C)(1)(a) provides as follows:

> Any member of the teaching staff of the public schools who is injured or disabled while acting in his official capacity as a result of assault or battery by any student or person shall receive sick leave without reduction in pay and without reduction in accrued sick leave days while disabled as a result of such assault or battery. However, such member of the teaching staff shall be required to present a certificate from a physician certifying such injury and disability.

In a case with remarkably similar facts, this court affirmed a trial court's grant of summary judgment in favor of a teacher who was injured after being kicked by a

---

[3]In its brief to this court, the School Board acknowledges that the trial court was presented with conflicting evidence on the question of whether Ms. Stroh is disabled. As a result, while disagreeing with the entire judgment, the School Board does not assign error in the trial court's finding that Ms. Stroh is disabled.

student and ordered the St. Martin Parish School Board to pay the teacher sick leave pursuant to La.R.S. 17:1201(C)(1)(a). *Lott v. St. Martin Parish Sch. Bd.*, 01-3 (La.App. 3 Cir. 5/2/01), 784 So.2d 838, *writ denied*, 01-1564 (La. 9/14/01), 796 So.2d 680. The teacher had fallen to the floor after being kicked by a disruptive first grader who was resisting her efforts to remove him from a restroom where he had fled after being verbally reprimanded. On appeal, the School Board asserted that the trial court erred in finding that the teacher was a victim of assault or battery, as envisioned by La.R.S.17:1201(C)(1)(a). In rejecting the School Board's contention, this court stated:

> Contrary to the Board's argument, a finding of the intent to commit a battery is not an absolute requirement. Instead, there must be present either of the following: (1) the intent to commit the act which resulted in a harmful or offensive touching, that is, the battery; or, alternatively, (2) the knowledge that if the actor behaved in a certain way, the harmful or offensive touching would follow. Applied to the facts of this case, in order for there to be a finding of intent to commit a battery, all that is required is that either [the student] was flailing his legs in an attempt to kick Ms. Lott, or [the student] reasonably should have known that if he swung his legs in the direction of Ms. Lott, he would likely kick her. Here, the requirement of a showing of intent was satisfied.

*Id*. at 842-43.

In the instant matter, the trial court stated that it was "convinced that -- more probably than not the intentional resistance that was given by this child caused this incident to happen." The trial court further stated that it was "satisfied that it constitutes a battery, much as . . . was done in the *Lott* case." The trial court made specific reference to the testimony of a witness who, consistent with the testimony of Ms. Stroh, indicated that the child was pulling and leaning back as Ms. Stroh tried to lead him out of the classroom and down the hall to the principal's office. In finding that the child's actions amounted to intentional resistance, the trial court noted that

3

"[t]he child should have known that I am pulling this teacher down with the potential she is going to fall down on me or fall down with me. The flailing about and kicking is just concomitant with that."

As testified to by Ms. Stroh, the third grader had arrived at her classroom late on the morning of the accident and had loudly begun explaining oral sex as she was giving the students a review before a scheduled math quiz. After refusing Ms. Stroh's request to be quiet and sit down, the student began fighting with her and forcefully resisting her efforts to bring him out of the classroom and down the hall. Another teacher who was in the hall at the time of the accident confirmed that the student was pulling away from Ms. Stroh and that he was trying to prevent her from taking him to the principal's office. We conclude that the evidence overwhelmingly supports the trial court's finding that Ms. Stroh met her burden of proving that she was injured as a result of a battery.

The School Board argues that the *Lott* decision is wrong and that it is "out-of-step" with the Louisiana Supreme Court's decision in *Bazley v. Tortorich*, 397 So.2d 475 (La.1981). In the alternative, the School Board contends that the facts of the instant case are distinguishable from the facts in *Lott*.

Ms. Stroh counters that "[t]he *Lott* decision is not only supported by the Supreme Court's discussion in *Bazley* of the distinction between intentional torts and negligence, but also by the extensive jurisprudence regarding intentional torts before and since." Moreover, Ms. Stroh contends that the facts of the instant case present an even more clear-cut example of battery than the facts of *Lott* because here the student's intentional pulling on her arm constituted a battery in and of itself. As a result, Ms. Stroh submits that the student is liable for any consequences resulting

4

from his intentionally pulling on her arm. Thus, Ms. Stroh argues that contrary to the School Board's suggestion, she was not required to additionally prove that the student intended to trip her.

We agree with Ms. Stroh's contention that the *Lott* decision is in line with *Bazley*. *See also Caudle v. Betts*, 512 So.2d 389 (La.1987), where the Louisiana Supreme Court held that a defendant's liability for harm resulting from a battery extends to consequences which defendant did not intend and which defendant could not reasonably have foreseen. Moreover, the facts of the instant case are not readily distinguishable from the facts in *Lott,* which has not been overruled and thus remains the law of this circuit.

## CONCLUSION

The decision of the trial court is affirmed. The Calcasieu Parish School Board is cast with all costs of this appeal.

**AFFIRMED.**

5